## LEE GON YUNG v. UNITED STATES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF CALIFORNIA.

Argued January 7, 1902.—Decided May 5, 1902.

*Fok Yung Yo v. United States, ante* 296, followed.

The authority of the Government in prescribing regulations in respect of transit being unqualified, and the existing regulations not open to constitutional objection, the court below could not interfere by *habeas corpus* with the collector's orders, and its ruling on an offer of evidence, the entire record considered, was not erroneous.

THE case was argued with the preceding case by the same counsel.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This case was a writ of *habeas corpus* substantially like the preceding case of *Fok Yung Yo* v. *United States, ante*, 296. The petition was addressed to the Circuit Court of the United States for the Northern District of California; and alleged that the petitioner had taken passage from the agent of the Pacific Mail Steamship Company at Hong Kong to the city of Mexico, and received from him a ticket for passage on one of its steamships to the port of San Francisco, and an order upon the agent of the company at that port for passage by rail thence to the city of Mexico; that upon arriving at San Francisco the petitioner was on September 28, 1901, examined by a customs inspector, his baggage and private papers opened, and his person searched; and that he was held in custody under an order of deportation by the collector of the port. The agent of the steamship company at San Francisco made a return to the writ, stating that he detained the petitioner under the collector's order of deportation. The District Attorney of the United States, in an intervention filed by leave of court, suggested

" that the United States collector of customs at the port of San Francisco, after a careful and due investigation, has decided that he is not satisfied that the said Chinese person, the petitioner herein, does intend in good faith to continue his voyage, if permitted so to do, through the territory of the United States to the Republic of Mexico, and has denied the said Chinese person for that reason the privilege to further continue his journey through the territory of the United States, and has ordered the said person deported to China, the country whence he came ; " and that the court had no jurisdiction of the person of the petitioner, or of the subject matter of the proceeding.

The petitioner filed a demurrer to the return, and to the intervention. The court overruled the demurrers, and ordered the writ of *habeas corpus* to be discharged, and the petitioner remanded to custody. 111 Fed. Rep. 998. The court also allowed a bill of exceptions, stating that it excluded, against the objection and exception of the petitioner, evidence offered by him tending to support each and all of the allegations of his petition. He appealed to this court.

This case must take the same course as that just decided. The difference between them is that in this case the court sustained the objection to an offer of evidence. But as in our view the authority of the Government in prescribing regulations is unqualified, and these regulations are not essentially unreasonable and do not transgress constitutional limitations, jurisdiction to interfere with the collector's orders was lacking, and the ruling was not erroneous. If petitioner had just cause of complaint of the conduct of the collector's subordinates, the remedy is not to be found in his discharge on *habeas corpus.*

*Order affirmed.*

MR. JUSTICE BREWER and MR. JUSTICE PECKHAM dissented.