# LEE LUNG *v.* PATTERSON.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 189. Argued and submitted April 21, 1902.—Decided May 19, 1902.

Under the statutes referred to in the opinion of the court, jurisdiction is given to the collector of the port at which an alien Chinese seeks to land, over his right to do so, and necessarily also to pass upon the evidence presented to establish that right.

THE case is stated in the opinion of the court.

*Mr. John H. Mitchell* for appellant.

*Mr. Assistant Attorney General Hoyt* for appellee submitted on his brief.

Mr. Justice McKenna delivered the opinion of the court.

This is an appeal from a judgment which dismissed a petition in *habeas corpus* on the ground that the court had no jurisdiction to grant the relief which was prayed. The petitioner

represented that he was a citizen of the Chinese Empire, and for more than twenty years last past a merchant in the city of Portland, Oregon. He went on a visit to China, but returned to the United States in the month of October, 1898, on the ship Monmouthshire, accompanied, as he claimed, by his wife, whose name is Li Tom Shi, and by his daughter, whose name is Li A. Tsoi. The collector of customs at Portland promptly permitted him to land, recognizing his right to do so as a merchant, but denied the right and refused to permit his wife and daughter to land, although they were not laborers, and presented "certificates issued by the government of Hong Kong, and viséd by the consular representative of the United States at the colony of Hong Kong, China," which identified them as the wife and daughter respectively of petitioner, were "in all respects in full compliance with article III of the treaty of 1894, and in all respects in full compliance with section 6 of the act of Congress of July 5, 1884, and acts supplemental to and amendatory thereof," although compliance therewith, it was alleged, was not necessary. The collector made a pretended and partial examination of said certificates, "but no such examination as the law contemplates," asserted the right "to inquire into or decide *aliunde* the certificates," and ignored the same; and his said wife and daughter, it was alleged, "were each, wrongfully and unlawfully and in violation of their rights under the provisions of the treaty of 1894, refused entry into the United States." And it was further alleged—

"That immediately on the rendition of said alleged and pretended decision by the said collector of customs each of said persons, the said wife and daughter of your petitioner aforesaid, took an appeal from said alleged and pretended decision of said collector of customs to the Secretary of the Treasury of the United States; and your petitioner avers that the Secretary of the Treasury has never yet either examined into said appeals nor made any decision therein one way or the other, nor has said appeals or either of them ever been considered, examined or decided, either by O. L. Spaulding, Assistant Secretary of the Treasury, or by any other person except as hereinafter stated.

"That on April 18, 1900, one W. S. Chance, then chief of the special agents of the Treasury Department at Washington, D. C., pretended to examine said appeals and rendered a pretended decision therein, which pretended decision purports to affirm the alleged decision of the collector of customs aforesaid refusing to allow said Li Tom Shi and said Li A. Tsoi, wife and daughter of your petitioner, to enter the United States.

"Your petitioner avers that it is claimed, as your petitioner is advised and believes, by the collector of customs aforesaid, that said alleged decision by said W. S. Chance, as hereinbefore stated, is the decision of O. L. Spaulding, Assistant Secretary of the Treasury; but your petitioner denies that said O. L. Spaulding, either as Assistant Secretary of the Treasury or otherwise, has ever made any examination of said appeals, or has ever made any decision therein one way or the other.

"And your petitioner further avers that the said O. L. Spaulding as Assistant Secretary of the Treasury has no authority or jurisdiction whatever to examine into or decide said appeals or either of them; that said O. L. Spaulding, as Assistant Secretary of the Treasury, has never been legally or lawfully designated by the Secretary of the Treasury to examine into and decide such appeals, and your petitioner avers furthermore that the Secretary of the Treasury has no jurisdiction or power whatever to designate or authorize Assistant Secretary of the Treasury O. L. Spaulding, or any other Assistant Secretary of the Treasury, to examine into or decide said appeals."

That the collector of customs, notwithstanding the invalidity of the alleged decision of W. S. Chance, and that the appeal had not been examined or decided by the Secretary of the Treasury, detained petitioner's wife and daughter on board the steamship Braemen and threatened and intended to send them back to China.

That the collector had no jurisdiction to make the decision he claims to have made, and that no examination or decision of the appeals as the law contemplates was ever made by the Secretary of the Treasury, or by any Assistant Secretary of the Treasury who had any jurisdiction or power to examine and

decide such appeals.   That the wife and daughter of petitioner
have the right to have their appeals decided, and until such
decision the collector had no power or jurisdiction to send the
wife and daughter of petitioner back to China; and should
they be sent back they will be removed from the jurisdiction of
the court.   A writ of *habeas corpus* was prayed for.

The collector of customs made due return to the writ, and
denied that Li Tom Shi was the wife of the petitioner, and that
Li A. Tsoi was his daughter; denied that the certificates were
in regular form, and alleged they were not in conformity with
the laws of the United States, in that they were signed by one
F. A. May, who was captain general of police of Hong Kong
and not the registrar general; that a Mr. Lockhart was regis-
trar general, and that his name did not appear on the certifi-
cates.   Denied that he (the collector) was without jurisdiction
or that he ignored the certificates.   Alleged that he took testi-
mony, and on that testimony and the certificates he rendered
his decision, as follows, refusing the said Li Tom Shi and Li A.
Tsoi the right to land :

" No. 1.

" Office of the collector of customs, district of Willamette.

" Portland, Oregon, April 7, 1900.

" Now at this time comes on for hearing the application of
Mrs. Li Tom Shi, a subject of the Emperor of China, for admis-
sion to the United States as a wife of Lee Lung, and after hear-
ing the evidence of applicant and witnesses on behalf of the
applicant, and the evidence of Lee Lung and Miss Li A. Tsoi,
and irregularity of consular certificate, and no evidence of mar-
riage, and being at this time fully advised in the premises, it is
ordered that the said Mrs. Li Tom Shi be refused a landing upon
the ground that the evidence produced by said applicant is in-
sufficient and unsatisfactory to prove her right to land.

[SEAL]                              " I. L. PATTERSON,
                                        " *Collector of Customs.*"

A like decision was rendered in the case of Li A. Tsoi.   The
return admitted that the said persons took an appeal from the
decision to the Secretary of the Treasury, but denied that the

Secretary had not examined into said appeal or rendered a decision therein, and denied all the other allegations of the petition in regard to such appeal: admitted that, under the decision of the Secretary of the Treasury affirming his (the collector's) decision, he held the said Li Tom Shi and Li A. Tsoi in his custody for deportation to the country from whence they came.

The certificates were attached to the return, but as the only criticism of them is that they were not issued by the registrar general of Hong Kong, they are omitted. They were signed "F. H. May, by registrar general, Hong Kong." They were sealed with the seal of the registrar general and certified to by R. Wildman, United States consul general.

The following was also attached to the return:

"Division of special agents,
"Treasury Department, Office of the Secretary,
"Washington, April 18, 1900.
"Collector of customs, Portland, Oregon.

"SIR: The department has received your letter of the 11th instant, transmitting an appeal from your decision denying admission to Chinese persons named Li Tom Shi and Li A. Tsoi, the alleged wife and daughter of Lee Lung, a Chinese merchant domiciled in this country.

"The applicants presented to you certificates in the form prescribed by section 6 of the act of July 5, 1884, executed by 'F. H. May by registrar general,' Hong Kong, and you state that Mr. May is the captain of police at Hong Kong and not the registrar general. You are advised that certificates so issued are not valid, the incumbent of the office of registrar general at Hong Kong only being recognized as the proper authority for the issuance of such certificates.

"The appeal filed in this case refers to the recent decision of the Supreme Court in the case of *The United States* v. *Mrs. Gue Lim et al.*, promulgated in Synopsis 22056, wherein it was held that 'when the fact is established to the satisfaction of the authorities that the person claiming to enter, either as wife or minor child, is in fact the wife or minor child, of one of the members of a class mentioned in the treaty as entitled to enter,

then that person is entitled to admission without the certificate.'

"In this case Li Tom Shi is admitted to be the second and plural wife of Lee Lung, a Chinese merchant domiciled in this country, whose first wife resides in China, and it is claimed that Li A. Tsoi is the minor child of the said Lee Lung by said first wife.

"The laws of the United States do not recognize plural marriages as valid, and while they may be so recognized in China, the said Li Tom Shi is not the valid wife of Lee Lung under our laws and in the light of the decision of the Supreme Court referred to.

"In a letter addressed to the collector of customs at Port Townsend, Washington, it was stated that 'in instances where women or minor children apply for admission at your port, claiming to be the wives or children of Chinese persons lawfully domiciled here as persons of the exempt class of Chinese, you should require such women or children to produce evidence sufficient to satisfy you that they are the wives or children of such persons.'

"In the cases under consideration the evidence presented in the case of Li A. Tsoi is conflicting and inconclusive, and not of the satisfactory character required.

"Confirming department's telegram of this date, you are therefore advised that the appeals of Li Tom Shi and Li A. Tsoi are overruled and your decision denying them admission is sustained. The enclosures of your letter are herewith returned.

"Respectfully,                    O. L. SPAULDING,
                                   "*Assistant Secretary.*
          "W. S. C."

The petitioner filed a reply to the return, in which he again averred the conformity of the certificates to law. Denied that they were required to be signed by the registrar general of Hong Kong, and averred, however, that the certificates were signed by F. A. May, "at the instance and under the direction of the registrar general and as and for him," and contained his seal. Again averred that the action of the collector in regard

to the certificates and the admission of evidence was in excess of his jurisdiction. Denied that the Secretary of the Treasury, by O. L. Spaulding, rendered any opinion affirming the decision of the collector; averred that the decision attached to the return shows on its face that it was the decision of W. S. Chance, chief of the special agents of the Treasury Department, and averred that "the pretended hearing before the collector of customs on the 7th day of April, 1900, as aforesaid, was had before your petitioner had secured any counsel, and he had no counsel present to advise him as to his rights before the collector of customs, and that such examination was without jurisdiction, perfunctory and was not a thorough examination of the case."

The testimony of several witnesses was introduced before the District Court against the objection of the district attorney. It showed that the petitioner was a merchant of Portland, Oregon; that he had gone back to China and there married Li Tom Shi according to the Chinese customs and with the usual Chinese ceremonies, but that he had another wife with whom he lived when in China, and that Li A. Tsoi was the daughter by that wife. It was testified that a man in China could have as many wives as he had means to support.

The District Court, however, determined that it had no jurisdiction to review the action of the executive officers, and dismissed the petition. The court cited *Nishimura Ekiu's case*, 142 U. S. 651, and *United States* v. *Gin Fung*, decided by the Circuit Court of Appeals of the Ninth Circuit, 100 Fed. Rep. 389. The District Court said *In re Lee Lung*, 102 Fed. Rep. 132, 134:

" These cases establish the doctrine that the collector of customs, in determining the right of Chinese persons to land, may act upon his own information and discretion, and that such action, however taken, is conclusive of the matter, subject to the right of appeal to the Secretary of the Treasury; that his decision, if he decides not to hear testimony, or not to give effect to evidence which the laws of Congress have provided shall be sufficient to establish the right to land in the first instance, or decides not to decide, is conclusive. Under the doc-

trine of these cases, it is immaterial, so far as the jurisdiction of this court is concerned, whether the petitioner's appeal to the Secretary of the Treasury is heard by the Secretary in person or by a subordinate official in his department, or is heard at all."

It was decided in *Nishimura Ekiu's* case that Congress might entrust to an executive officer the final determination of the facts upon which an alien's right to land in the United States was made to depend, "and that if it did so, his order was due process of law, and no other tribunal, unless expressly authorized by law to do so, was at liberty to reëxamine the evidence on which he acted, or to controvert its sufficiency." This doctrine was affirmed in *Lem Moon Sing* v. *United States,* 158 U. S. 538, and at the present term in *Fok Yung Yo* v. *United States,* 185 U. S. 296, and *Lee Gon Yung* v. *United States,* 185 U. S. 306.

Counsel for petitioner concede the rule but deny its application to the pending case. Their argument is that the sixth section of the act of 1884, regarding it in force, precludes inquiry beyond the certificates. The applicable provisions are quoted as follows:

". . . Such certificate, vised as aforesaid, shall be *prima facie* evidence of the facts set forth therein, and shall be produced to the collector of customs of the port in the district of the United States at which the person named therein shall arrive, and afterwards produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States, but such certificate may be controverted and the facts therein stated disproved by the United States authorities."

It is urged that the statute makes the certificates evidence, and that the collector had no power to disregard the certificates, and "whether he did not consider them at all and did not pass upon their validity or invalidity, as in either view of the case, we respectfully submit the collector is not chargeable merely with error, in which event his decision is not reviewable by the court, but with the more serious charge of hav-

ing exceeded his jurisdiction, in which case, we submit, his decision is reviewable."

But jurisdiction is given to the collector over the right of the alien to land, and necessarily jurisdiction is given to pass on the evidence presented to establish that right. He may determine the validity of the evidence, or receive testimony to controvert it, and we cannot assent to the proposition that an officer or tribunal, invested with jurisdiction of a matter, loses that jurisdiction by not giving sufficient weight to evidence, or by rejecting proper evidence, or by admitting that which is improper.

The hearing before the collector is described in the petition as "pretended," but its extent, and upon what evidence, the record does not disclose. The record does show that appearance by counsel was not considered necessary, but "every facility for appearing" was given. And even if it were essential, in our judgment, could we conclude that the decision of the collector established that the certificates alone were considered?

It is further contended that the treaty of 1894 alone provides the evidence which a member of the exempted class of Chinese must produce, and abrogates the act of 1882 and the acts amendatory theref, and also aborogates the treaty of 1880.

Article III of the treaty of 1894, 28 Stat. p. 1211, is as follows :

" The provisions of this convention shall not affect the right at present enjoyed of Chinese subjects, being officials, teachers, students, merchants or travelers for curiosity or pleasure, but not laborers, of coming to the United States and residing therein. To entitle such Chinese subjects as are above described to admission into the United States they may produce a certificate from their government, or the government where they last resided, viséd by the diplomatic or consular representative of the United States in the country or port whence they depart."

This court, however, held adversely to the contention of petitioner in the case of *United States* v. *Lee Yen Tai*, 185 U. S. 213, decided at the present term. In that case the twelfth

section of the act of 1882 was more immediately under consideration, but the reasoning applies to the sixth section as well.

Counsel for petitioner do not urge the insufficiency of the decision of Assistant Secretary Spaulding, therefore we may consider that it is conceded to have been made by the authority of the Secretary. The District Court, however, in its opinion, seems to imply that, if there had been no hearing by the Secretary, the court, nevertheless, would have been without jurisdiction to restrain the deportation of the Chinese persons. On that we do not think it is necessary to express an opinion. There is an intimation to the contrary by the Circuit Court of Appeals of the Ninth Circuit in the case of *United States* v. *Gin Fung, supra.*

*Judgment affirmed.*

. MR. JUSTICE BREWER and MR. JUSTICE PECKHAM dissented.

MR. JUSTICE GRAY did not hear the argument and took no part in the decision.