UNITED STATES v. LUE YEE. SAME v. LUE GEE. SAME v. KEEN SHING.

(District Court, D. Vermont. August 10, 1903.)

1. CHINESE—PROCEEDINGS FOR DEPORTATION.

The decision of the proper customs or immigration officer adverse to the claim of a person of the Chinese race to nativity in the United States, and denying him entry, is conclusive in subsequent proceedings for his deportation for being unlawfully in this country.

Appeals from Decisions of Commissioner Ordering Deportation of Chinese Persons.

P. F. McManus, for appellants.

James L. Martin, U. S. Atty.

WHEELER, District Judge. These appellants applied to the collector for admission into the United States as native-born citizens, and they were excluded. Soon after they were taken before a commissioner for being unlawfully in this country. The decision of the deputy collector in charge was shown, and the commissioner held it to be conclusive against their right to remain, and ordered them deported. The same decision has been shown here; but they claim it is not conclusive, and offer evidence of birth in this country. These decisions of customs and immigration officers to whom they have been by law committed have always by the Supreme Court been held conclusive in cases arising while the persons in question were within the custody or control of those officers, as to nativity, and all other questions involved. Fox Yung Yo v U. S., 185 U. S. 296, 22 Sup. Ct. 686, 46 L. Ed. 917; Lee Gon Yung v. U. S., 185 U. S. 306, 22 Sup. Ct. 690, 46 L. Ed. 921. Deportation proceedings now appear to be held to stand upon the same ground. Chin Bak Kan v. U. S., 186

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.

U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121. Accordingly this decision of the deputy collector must be held conclusive.

Orders of deportation affirmed.