## WONG SANG v. UNITED STATES.

## WONG DEN v. SAME.

(Circuit Court of Appeals, First Circuit. January 12, 1906.)

Nos. 622, 623.

APPEAL AND ERROR—DISMISSAL—FAILURE TO ENTER APPEAL.

Where an appellant fails to enter the appeal and file the transcript on or before the return day of the citation, as required by rule 16 of the Circuit Court of Appeals (90 Fed. lv, 31 C. C. A. 1v), the appellee is entitled on petition to have the case docketed and dismissed, as provided by said rule.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3129.]

Appeal from the District Court of the United States for the District of Massachusetts.

These were appeals from judgments of the District Court (143 Fed. 147), denying petitions for writs of habeas corpus. Appellants having failed to enter the appeals on or before the return day of the citations, as required by rule 16 of the Circuit Court of Appeals (90 Fed. lv, 31 C. C. A. lv), on petition of the United States the cases were each docketed and dismissed.

William H. Garland, Asst. U. S. Atty.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PER CURIAM. Docketed and dismissed.

---

## WONG SANG v. UNITED STATES. WONG DEN v. SAME. WONG CHOW v. SAME. GOON YIN v. SAME.

(Circuit Court of Appeals, First Circuit. March 9, 1906.)

Nos. 630, 631, 632, 633.

ALIENS—EXCLUSION OF CHINESE—REVIEW OF DECISION BY COURTS.

Lee Lung v. Patterson, 186 U. S. 168, 22 Sup. Ct. 795, 46 L. Ed. 1108, held to apply to the effect that the decision of the immigration officers refusing to permit a Chinese alien to enter the United States after a hearing had in accordance with the acts of Congress cannot be reviewed by the courts in habeas corpus proceedings, although instituted by one domiciled and entitled to remain in the United States who sets up the claim that the person excluded is his minor son and invokes the jurisdiction of the court in his own right.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, §§ 95, 103.

Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Appeals from the District Court of the United States for the District of Massachusetts.

For opinion below, see 143 Fed. 147.

Harvey H. Pratt, for appellants.

William H. Garland, Asst. U. S. Atty.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. These appeals relate to four Chinese aliens who were ordered by the Commissioner of Immigration for the District of Massachusetts to be deported. The petitioner in each claims to be the father of one of the Chinamen thus ordered deported, and also that the latter is under the age of 21 years. Each appellant petitioned the District Court for a writ of habeas corpus, which was denied, and these appeals followed.

It must be conceded that each order of deportation was conclusive unless on the single point which is made here. As we have said, each of the respective petitioners claims that the person ordered to be returned is his son, and is under the age of 21 years; but it was found otherwise by the Commissioner. Each claims that he is a lawful resident of the United States, and a merchant doing business therein, and that, as such, he is entitled, under the common law of the United States, to the custody and services of his minor children; and each further puts his case as follows:

"While the finding of fact made by the immigration officer at the port of Boston may be due process of law as against the minor children themselves seeking to land, it is not and cannot be due process of law which is binding upon the fathers of these children who were in nowise party to the proceedings had by the immigration commissioner, who, under the Chinese exclusion acts and the treaty of 1894, are entitled to the care, custody, company, services, and control of their minor children, and who under the treaty and the statutes are to have the same benefit of all the laws of the land guaranteed to a native or the most privileged alien. They were then entitled to the writ of habeas corpus."

This asserts a right under the amendments to the Constitution, but, under settled rules, no constitutional question is left to these petitioners. The only questions which can ever arise are under the statutes or the treaties with China. In United States v. Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544, where the issue was as to the right of the wives and minor children of Chinese merchants domiciled in this country to enter the United States, a mere question of law was involved; but these appeals stand in the same class with Lee Lung v. Patterson, 186 U. S. 168, 22 Sup. Ct. 795, 46 L. Ed. 1108. There the moving party was the husband and father of the alleged wife and child who had been ordered deported, and he was himself entitled to remain in the United States. He applied for a writ of habeas corpus for the release of his alleged wife and child; but the ordinary rule was held to apply, that the decision of the department officers was conclusive on the questions of fact involved, that is, whether the persons who were turned back were the wife and minor child as alleged. The precise point taken here was not taken there, though it might have been; nevertheless, we are unable to see its force.

We have used the word "deported," but we might better have used the words "refused landing." From a strictly legal point the latter expression is the correct one. The alleged children in question arrived at the port of Boston on foreign steamers, and were refused landing, and, therefore, were never, in any proper sense, within the dominions of the United States. They were turned back at the doors. As said in United States v. Ju Toy, 198 U. S. 253, 263, 25 Sup. Ct.

644, 646, 49 L. Ed. 1040: "although physically within our boundaries," each "is to be regarded as if he had been stopped at the limit of our jurisdiction, and kept there while his right to enter was under debate." It is difficult to perceive how the question of the right of an alien to enter within the territory of any foreign people, including the United States, is one in any sense for the judiciary except as it may be referred to it by the political power. It is further difficult to perceive that any person who never has been admitted within our jurisdiction, or that any one in his behalf, can claim that the mere question of his admission is one which can in any way involve a Constitution to which he has never been permitted to become a party. At any rate, the rule in this respect was held absolutely in The Chinese Exclusion Case, 130 U. S. 581, 603, 604, 606, 9 Sup. Ct. 623, 32 L. Ed. 1068. At page 606 of 130 U. S., page 630 of 9 Sup. Ct., 32 L. Ed. 1068, the opinion states unqualifiedly that the determination of the question by the political department is conclusive on the judiciary. This rule has ever been insisted on. In Turner v. Williams, 194 U. S. 279, 289, 290, 24 Sup. Ct. 719, 48 L. Ed. 979, the various authorities in reference thereto were well grouped.

It is true that the Supreme Court has never said in precise terms that persons in whose behalf the right to land in the United States has been claimed, had not some kind of a standing under the fifth amendment to the Constitution. Consequently, we are controlled both by principle and by the unqualified rule of The Chinese Exclusion Case, to the effect that this amendment can have no application contrary to the purport of the statutes and the treaties with regard to an alien who never landed on our shores, and who might be stopped at the boundaries at the will of Congress by either the army or the federal police without investigation or inquiry. Moreover, the Supreme Court has always been careful to say that, if the fifth amendment can be at any time in any way involved, such investigations by a Commissioner of Immigration as occurred with regard to the appeals before us, constitute appropriate "due process" with reference to the admission of aliens who have never before landed in the country. Nishimura Ekiu v. United States, 142 U. S. 651, 660, 12 Sup. Ct. 336, 35 L. Ed. 1146; Lee Lung v. Patterson, 186 U. S. 168, 175, 22 Sup. Ct. 795, 46 L. Ed. 1108; The Japanese Immigrant Case, 189 U. S. 86, 91, 100, 102, 23 Sup. Ct. 611, 47 L. Ed. 721. This was last asserted in United States v. Ju Toy, already cited, at page 263 of 198 U. S., page 646 of 25 Sup. Ct., 49 L. Ed. 1040. However all this may be, inasmuch as we are of the opinion that neither on principle nor on authority can the absolute right of Congress to exclude the persons in issue here who were refused landing be questioned, and as all the investigation which the statutes authorize has been had, and as neither the statutes nor the treaties with China reserve these petitioners any vested rights in the premises, the judgments of the District Court appealed from must be affirmed.

This broad conclusion renders it unnecessary that we should consider the somewhat interesting question whether, after all, the records show that the petitioners have acquired such a domicile in the United

States, or that the status of the persons ordered deported has such relation to their original domicile in China, that, under the rules of international law with relation to parent and child, the petitioners have any concern in the alleged children except in accordance with the laws of China, which have not been shown in the case. Story on Conflict of Laws, § 65, and sequence.

On each appeal the judgment of the District Court is affirmed.