UNITED STATES ex rel. BERMAN et al. v. CURRAN, Commissioner of Immigration, etc.

(Circuit Court of Appeals, Third Circuit. May 28, 1926.)

No. 3442.

1. Aliens ⬿54(9)—Finding of statutory ground for exclusion must be supported by some evidence.

A finding by an immigration board to warrant exclusion of an alien under the statute, must be lawful, and it is not lawful unless supported by some evidence.

2. Aliens ⬿54(17)—Finding on which alien is excluded is reviewable, to ascertain whether it is supported by any evidence.

A finding on which an immigrant is excluded is reviewable by a court on habeas corpus, to ascertain whether it is supported by any evidence, "however slight," and, if not, the order of exclusion and deportation based thereon may be annulled.

3. Aliens ⬿54(9)—Evidence held not to support finding that children were likely to become public charges.

Where relatives of immigrant school children, one of whom was a citizen of the United States, wealthy, and owner of valuable real estate, offered to give bond for their maintenance and education, until they were self-supporting, there was no basis for a finding that they were likely to become a public charge.

4. Aliens ⬿49—Arbitrary exclusion of children under 16, not accompanied by or not coming to one or both their parents, held unlawful (Immigration Act, 1917, § 3 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]).

Under Immigration Act 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), authorizing the Secretary of Labor in his discretion to admit children under 16 years of age and "unaccompanied by or not coming to one or both of their parents," if otherwise eligible and not likely to become a public charge, and rule 6 of the regulations for enforcing such provision, the arbitrary exclusion by a board of special inquiry of such children, otherwise fully qualified and not likely to become a public charge, held unlawful.

**5. Aliens ⊂⊃49—Assisted alien children held not subject to exclusion, unless affirmatively shown to be within excluded class (Immigration Act 1917, § 3 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]).**

Under the provision of Immigration Act 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), for exclusion of aliens whose passage has been paid by another, that passage for alien children 13 and 12 years old, respectively, was paid by a relative, is immaterial, unless it is affirmatively shown that they belong to an excluded class.

**6. Habeas corpus ⊂⊃23.**

When the record shows that immigration authorities have exceeded their powers in excluding an alien, he may maintain habeas corpus.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Petition by the United States, on the relation of Chaim Berman and Marja Berman, by Morris Cohen, against Henry H. Curran, Commissioner of Immigration, Port of New York, for writ of habeas corpus. From an order granting the writ, respondent appeals. Affirmed.

Walter G. Winne, of Hackensack, N. J., and Philip Forman, of Trenton, N. J., for appellant.

Charles J. Stamler, of Elizabeth, N. J., (Stamler, Stamler & Koestler, of Elizabeth, N. J., of counsel), for appellees.

Before BUFFINGTON and WOOLLEY, Circuit - Judges, and BODINE, District Judge.

WOOLLEY, Circuit Judge. Chaim Berman, male, aged thirteen, and Marja Berman, female, aged twelve, natives of Poland and children of a widowed mother remaining in that country, were refused admission to the United States after a hearing before a Board of Special Inquiry held at Ellis Island in September, 1923, and were detained for deportation. On habeas corpus proceedings instituted by the alien children, a judge of the District Court of the United States for the District of New Jersey entered an order granting the writ and discharging the petitioners from the custody of the Commissioner of Immigration at the Port of New York and the Department of Labor. From that order this appeal was taken.

The record shows by evidence not disputed that these children—school children at home and able to read—were in good health, had never before been in the United States, were destined (though without money on

13 F.(2d)—7

their arrival) to a relative who had paid for their passage and who is a naturalized citizen of the United States shown to be highly reputable, owning real estate valued at $500,-000 and representing himself to be worth upwards of $300,000, and who (as did another relative engaged in the coal business and representing himself to be worth $15,000) declared his willingness and purpose to take the children into his home, care for and support them and send them to school until they should be self-sustaining, and to give bond to that end. The Board refused the petitioners "admission to the United States as unaccompanied by or going to either parent, and (as) persons likely to become public charges and as assisted."

[1] Of the three grounds on which admission was denied, the finding that the children were persons likely to become public charges is evidently the principal one. That such a finding made by a department of the government, under a statute of this nature, must be lawful before it is enforcible is well established. Whether the finding is lawful depends not upon whether it is right or wrong according to the view of the court inquiring into its legality, Gonzales v. Williams, 192 U. S. 1, 24 S. Ct. 177, 48 L. Ed. 317; Gegiow v. Uhl, 239 U. S. 3, 35 S. Ct. 661, 59 L. Ed. 1493; Chin Yow v. United States, 208 U. S. 13, 28 S. Ct. 201, 52 L. Ed. 369; United States v. Rodgers, 191 F. 970, 973, 112 C. C. A. 382; but upon whether "there is any evidence however slight" to sustain it, Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040. If there is, the decision of the departmental board is final and not open to review by any court. Frick v. Lewis, 195 F. 693–696, 115 C. C. A. 493, affirmed 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967; Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; United States v. Uhl (C. C. A.) 271 F. 676; United States v. Rodgers, 191 F. 970, 973, 112 C. C. A. 382. If there is not, the finding is not lawful for the obvious reason that no lawful decision can be made without any evidence to sustain it.

[2] To ascertain such lack of evidence—not to consider the weight of the evidence—courts may examine and annul the decision. Lee Lung v. Patterson, 186 U. S. 176, 22 S. Ct. 795, 46 L. Ed. 1108, and cases cited above. When a record shows a determination that the immigrant is likely to become a public charge, made without a particle of evidence tending to prove the fact, there obviously

has been no such determination as the statute contemplates, and in the absence of such a determination, no valid order for the exclusion and deportation of the alien on that ground can be made. In re Feinknopf (D. C.) 47 F. 447; United States v. Tod (C. C. A. 2) 294 F. 820, 823.

[3] Returning to the record, we find no evidence "however slight" which supports the finding that the petitioners are likely to become public charges.

[4] The exclusion of the petitioners on the ground that they were, in the words of the statute, "children under sixteen years of age unaccompanied by or not coming to one or both of their parents," Section 3 of the Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), was, in view of their full qualification for admission under Rule 6 promulgated by the Department of Labor to enforce the cited section of the Immigration Law, an abuse of discretion because of a failure to exercise discretion, and, therefore, unlawful.

[5] It is contended by the Government, in support of the last ground stated for the exclusion of the petitioners, that they fall within the class of assisted aliens prohibited from entering the United States under that portion of Section 3 of the Act of 1917 which is as follows:

"Persons whose tickets or passage is paid for with the money of another, or who are assisted by others to come, unless it is affirmatively and satisfactorily shown that such persons do not belong to one of the foregoing excluded classes:"

Aside from what is obviously true when we consider the age of the petitioners, the record discloses that their passage money was paid for them. Following the Circuit Court of Appeals for the Second Circuit in United States ex rel. Engel v. Tod, 294 F. 820, 824, where there was a like situation, we are of opinion that this, under the statute, is an immaterial fact, unless the persons so assisted are affirmatively shown to belong to one of the excluded classes. That was not done.

For these several reasons we find that the record of proceedings before the immigration officers does not show such a regular procedure in accordance with the requirements of the law as to justify their action in refusing the petitioners admission to the United States.

[6] Adverting to the attack by the Government on the petitioners' method of raising the question of the validity of the immigration proceedings, it will be enough to say that it is of course true that proceedings by habeas corpus cannot perform the function of a writ of error or appeal, yet courts are not forbidden to consider whether the conduct and findings by a departmental board conform to the requirements of the Immigration Law. "When the record shows that a Commissioner of Immigration is exceeding his power, the alien may demand his release upon habeas corpus." Gegiow v. Uhl, 239 U. S. 3, 35 S. Ct. 661, 59 L. Ed. 1493; United States ex rel. Engel v. Tod (C. C. A.) 294 F. 820; United States v. Rodgers, 191 F. 970, 973, 112 C. C. A. 382.

The order is affirmed.