## UNITED STATES ex rel. BRANDT v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION, ELLIS ISLAND, NEW YORK HARBOR.

District Court, S. D. New York.

July 29, 1941.

for thirty days but remained unlawfully until 1937, during which time he contracted a common law marriage and became the father of a child. In 1937 he went to Havana, obtained an immigration visa, and legally reentered the United States for permanent residence. In August, 1938, relator went to Germany whither his wife and child had preceded him. His wife had contracted a fatal disease, the course of which was prolonged, so that he did not return until September, 1939, when he was admitted at New York upon surrendering a reentry permit. Since then he has met continued difficulties in obtaining and retaining employment and in January, 1941, was compelled by circumstances to hire on as a dining room steward on the S.S. Kungsholm, a vessel of Swedish registry. To obtain this employment he was compelled to conceal his nativity and produced instead a birth certificate of one Remo Bono, in whose name he signed articles. In the course of the trip he went ashore for a short period at Colon and again at Havana. When the S.S. Kungsholm reached New York—whether at Quarantine or not but certainly before she tied up—and after questioning by the immigration inspector, the relator revealed his true name and history and he signed off in his true name. The finding of the Board was that he must be excluded for want of a visa or reentry permit which, in our opinion, implies their finding this manner of signing off and landing to be the fact.

Section 30 of the Alien Registration Act of 1940, 8 U.S.C.A. § 451, supersedes Executive Order No. 8430, 5 F.R. No. 111, p. 2146, paragraph 1(e) of Part 2 of which would have entitled this relator to admission. Part of Section 30 reads: "Any alien seeking to enter the United States who does not present a visa (except in emergency cases defined by the Secretary of State), a re-entry permit, or a border-crossing identification card shall be excluded from admission to the United States." The relator has neither visa nor reentry permit nor border-crossing identification card. His case was submitted to the Secretary of State under the exception stated within the parentheses and the Secretary assumed to consider the case and declined waiver of the visa requirement. In this respect the relator has been denied due process of law. The language of the statute could not be plainer and imposes on the Secretary of State a duty to define emergency cases. It is apparent from the rec-

Albert E. Brandt, relator, appears in person.

Mathias F. Correa, U. S. Atty., of New York City (David McKibbin, 3d, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CLANCY, District Judge.

The relator is an alien who arrived in New York in 1924 as a temporary visitor

ord that he has not done so. It is equally clear from his letter denying waiver of visa in this case that he holds some cases to be emergency cases. The law requires that he state for public knowledge and especially for the knowledge and understanding of the Immigration Service what circumstances constitute a case an emergency case; in the words of the Statute, that he define emergency cases. The machinery for hearing immigration cases was provided in 8 U.S.C.A. § 153. The Secretary of State is given no authority under that section to hear or determine the rights of any immigrant. The immigrant is entitled to a hearing of his proof if he has any that he comes within any exception which the Secretary of State has formulated and to a hearing before a board of inquiry.

The writ, therefore, is granted unless within ten days from the entry of the order a rehearing is had which shall determine his right, if any, under any definition or definitions of emergency cases made by the Secretary of State. United States ex rel. Zaffarano v. Corsi, 2 Cir., 63 F.2d 757.