## UNITED STATES ex rel. HADROSEK et al. v. SHAUGHNESSY.

United States District Court,
S. D. New York.

Dec. 3, 1951.

George Moerman, New York City, for relators.

Myles J. Lane, U. S. Atty., for the Southern Dist. of New York, New York City, for respondent William J. Sexton, Asst. U. S. Atty., New York City, Lester Friedman, Atty., Immigration and Naturalization Service, United States Dept. of Justice, New York City, of counsel.

DIMOCK, District Judge.

This is a habeas corpus proceeding originally brought on by relators pro se but in which they have later been represented by counsel appointed by the court. They are a Polish family, consisting of a father, mother and four year old child, who arrived in the United States on May 18, 1949 as applicants for admission for permanent residence as displaced persons. Exclusion

proceedings were instituted against them shortly after arrival and they have been held in custody at Ellis Island since their arrival pending the exclusion proceedings and action on a private bill introduced in their behalf in the Senate.

Although the exclusion proceedings have reached the final stage with respect to the father, relators seek only their temporary release at this time and do not desire judicial review of any of the other matters involved in their proceedings. Various applications have been made by relators or in their behalf to the immigration authorities for their release or parole. Counsel for respondent concedes that whatever applications for release have been made have been denied. Two letters before me identify particular applications which have been denied. One is from respondent dated February 6, 1951 and the other is from the Acting Assistant Commissioner, Enforcement Division in Washington.

The claim has been made that relators are entitled to relief under § 136(q) [1] of Title 8 of the United States Code. Respondent contends that relators have not made a proper application under this section and that this section does not apply to these relators.

■ The first contention of respondent seems to be founded on the fact that the applications for release did not in their terms seek temporary admission. However true that may be, it is clear that relators sought their release by whatever means were available. In U. S. ex rel. Picicci v. District Director of Immigration, 2 Cir., 181 F.2d 304, a letter merely seeking release from custody was taken by the Court of Appeals in this Circuit as a sufficient application for temporary admission. There was an allegation, in the amended petitions in that case, of an application for temporary admission, but it was recognized that the allegation was based solely upon a letter requesting release from custody. Id., 181 F. 2d at page 305 footnote 1. The absence of

such an allegation in the pro se petition of these relators should not require a different conclusion.

The second contention of respondent is founded on three arguments, which I shall list. 1. An application for temporary admission can only be made by a non-immigrant, which I take to mean one of the kinds of persons described in 8 U.S.C. § 203. Relators are intending immigrants who came here seeking permanent admission and therefore cannot be considered as applicants for temporary admission. 2. Persons seeking temporary admission must have a specific type of visa. It seems that by this respondent means the type of visa appropriate to the different kinds of persons described in 8 U.S.C. § 203. Relators do not have such visas. 3. One applying for temporary admission under 8 U.S.C. § 136(q) must be within one of the excludable classes set forth in the other subdivisions of § 136. Relators are being excluded on grounds other than those fixed in § 136.

■ Substantially the same arguments plus some others, all in greater elaboration, were urged upon the Court of Appeals in this Circuit in the brief and petition for rehearing of respondent in U. S. ex rel. Picicci v. District Director of Immigration, 2 Cir., 181 F.2d 304, supra. The court there held that aliens who had arrived in the United States as stowaways, without passports or visas, and had been excluded on that ground, were entitled to apply for temporary admission. It was explicitly held that temporary admission was not restricted to the kinds of persons described in 8 U.S.C. § 203. The result is that the arguments put to me are foreclosed by the Court of Appeals' decision.

■ It might now be argued that the instant case is different from the Picicci case in that proceedings are still pending with respect to two of relators in the instant case whereas a final order of exclusion had been issued in the Picicci case. This only raises the question whether relators are

---

1. Title 8, U.S.C. § 136(q): "The Commissioner of Immigration and Naturalization with the approval of the Attorney General shall issue rules and prescribe conditions, including exaction of such bonds as may be necessary, to control and regulate the admission and return of otherwise inadmissible aliens applying for temporary admission".

"otherwise inadmissible aliens" within the terms of § 136(q). Although there has not been a final order of exclusion here, it does not ·change the fact that respondent's position throughout has been that relators are not otherwise admissible or the conclusion reached in all the proceedings thus far to the same effect. Respondent cannot be permitted to shift its position merely for the purpose of preventing relators' application for temporary admission. Therefore I hold § 136(q) to be applicable to these relators and they are eligible to apply for temporary admission.

Section 136(q) of 8 U.S.C. provides that the Commissioner of Immigration and Naturalization, with the approval of the Attorney General, "shall issue rules and prescribe conditions * * * to control and regulate the admission and return of otherwise inadmissible aliens applying for temporary admission". The current regulations dealing with temporary admission appear in 8 CFR, 1950 SUPP., Part 133. The section appropriate to this 133.4, reads as follows: "The cases of all aliens of the excludable classes brought to seaports of the United States who apply for temporary admission, except cases within § 133.3, shall be submitted to the Commissioner for special ruling." Section 133.3 is conceded not to be applicable here. The previous version of this regulation, 8 CFR 132.4, is for present purposes no different.

Apparently, then, the extent of the regulations for a case such as this is to provide for "special rulings" by the Commissioner. Nothing termed a "special ruling" by the Commissioner appears in the record, although there are the two denials of parole referred to earlier. This leaves the statement of counsel for respondent at the reargument that whatever applications have been made were denied. The only reasons advanced for these denials are those put by counsel. They are that relators are not eligible to apply for temporary admission and that temporary admission of aliens subject to exclusion will put the government to the additional expense and trouble of later instituting deportation proceedings[2] in order to remove the aliens from the country. I have held above that as a matter of law these relators are eligible to apply for temporary admission. The second reason only goes to point out the inconvenience resulting from a form of relief that Congress has provided. It would seem logically to lead to the denial of all applications for temporary admission rather than to deal with the considerations involved in this particular case.

The record before me leaves considerable uncertainty as to the precise nature of the administrative action taken in this case. The administrative action might be treated as a failure or refusal to act on an application claimed to be inadequate but herein held sufficient to require action under § 136(q). Or it might be treated as a denial of temporary admission on the ground that relators are not eligible for such relief.

In either event, the administrative action is improper. Where the immigration authorities have power to grant relief to an alien but they unlawfully fail or refuse to act upon a proper application, the court can release the alien in habeas corpus proceedings. U. S. ex rel. Picicci v. District Director of Immigration, 2 Cir., 181 F.2d 304, supra. Mastrapasqua v. Shaughnessy, 2 Cir., 180 F.2d 999. Likewise, where the immigration authorities deny admission to an alien relying upon a misconception or erroneous interpretation of the statute, the court can release the alien in habeas corpus proceedings. Gegiow v. Uhl, 239 U.S. 3, 36 S.Ct. 2, 60 L.Ed.

2. Here the term deportation proceedings is used to describe the case of an alien who is found in the United States in violation of the immigration laws as distinguished from an exclusion case where the alien has never been admitted to the United States and is stopped at our borders. The ambiguity arises from the employment of the term deportation as describing the removal of the alien as the last step in both types of proceeding. Formerly, the regulations described the two types of cases as "Arrest and Deportation" 8 CFR Part 150 and "Exclusion and Deportation" 8 CFR Part 145. The current regulations, however, merely describe the first type as "Deportation Proceedings" 8 CFR, SUPP., Parts 150, 151 and 152.

114. U. S. ex rel. Berman v. Curran, 3 Cir., 13 F.2d 96. See U. S. ex rel. Brandt v. District Director of Immigration, D. C., 40 F.Supp. 371.

■■ Although, without doubt, an important distinction is to be made between aliens seeking admission who are stopped at our borders and aliens who have entered this country but whose deportation is sought, that does not leave immigration authorities completely free to deal as they will with the former group. The arbitrary use of administrative authority may still be invalid in such cases, U. S. ex rel. Knauff v. McGrath, 2 Cir., 181 F.2d 839, and immigration authorities may not proceed in disregard of requirements defined or authorized by Congress. U. S. ex rel. Johnson v. Shaughnessy, 336 U.S. 806, 69 S.Ct. 921, 93 L.Ed. 1054.

The writ will be sustained unless the appropriate immigration authorities act upon the application for temporary admission in accordance with this opinion within a reasonable time.

Settle order on notice.