### In re WAY TAI.

(Circuit Court, D. Oregon. August 24, 1899.)

#### No. 2,565.

1. ALIENS—CHINESE MERCHANT—ORDER OF EXCLUSION.

Under Act March 3, 1891, as amended by Act Aug. 18, 1894, an immigration officer is given plenary power to exclude an alien from admission to the United States, subject to review only by the secretary of the treasury. He is not required to hear evidence under oath, or to make written findings, but it is sufficient if he makes an examination and a decision. His order of exclusion constitutes due process of law, and the evidence upon which he acted cannot be re-examined by the courts.

2. SAME—APPEAL TO SECRETARY OF TREASURY.

The fact that an appeal taken to the secretary of the treasury by an alien from an order of exclusion was determined adversely to the appellant by an assistant secretary does not entitle the appellant to release on habeas corpus. If the assistant secretary had no authority to act on the appeal, it is still pending.

3. SAME—EFFECT OF REMOVAL FROM VESSEL.

Under Act March 3, 1891, § 8, which provides that the removal of an alien from the vessel on which he arrived by order of the inspection officer shall not be considered a landing during the pendency of the examination, the fact that an alien has been removed from the vessel, and committed by the collector to the custody of a sheriff, does not affect his rights.

This was an application by Way Tai for a writ of habeas corpus.

Charles J. Schnabel and J. H. Woodward, for petitioner.

John H. Hall, U. S. Atty.

GILBERT, Circuit Judge. The petitioner applies for a writ of habeas corpus, alleging that he is a Chinese merchant, and that as such, on his return from China, he was entitled to land at the port of Portland, Or., but that he was denied landing by the collector of said port, and that he is now detained and deprived of his liberty by William Frazier, the sheriff of Multnomah county, Or., under oral directions from the collector ordering the petitioner to be removed from the port of Portland, and to be returned to China, by the master of the steamer Lennox. The petitioner further alleges that he appealed from the decision of the collector of customs to the secretary of the treasury, and that he has been informed that one O. L. Spaulding, assistant secretary, claiming to act for the secretary of the treasury, has heard and decided the said appeal, and has affirmed the decision of the collector, and ordered the deportation of the petitioner to some port in China unknown to the petitioner. It is alleged that the decision of the collector is void for the reason that, after hearing the evidence for the petitioner, consisting of the testimony of two white witnesses, showing prima facie his right to land, the collector, without notice to the petitioner, and without his knowledge, took statements of persons not under oath, and received the same as evidence, and acted thereon; that he made no written findings in said matter, but by oral direction ordered the petitioner to be removed and deported, as aforesaid. It is further alleged that the decision on the appeal to the secretary of the treasury is void for the reason that O. L. Spaulding, assistant secretary, was not an officer to whom was given by law the power to pass upon the same. It is also alleged that the detention of the petitioner by the sheriff of Multnomah county is unlawful, for the reason that by virtue of the removal of the petitioner from the vessel on which he arrived, and the surrender of his person to the custody of said Frazier, his landing in the United States has been effected.

So far as the first point is concerned, the precise question involved was decided by the supreme court in Nishimura Ekiu's Case, 142 U. S. 651, 12 Sup. Ct. 336. The court had under consideration the act of March 3, 1891, which established the office of superintendent of immigration. By section 8 of that act the proper inspection officers were given "power to administer oaths, and to take and consider testimony touching the right of any such aliens to enter the United States, all of which shall be entered of record." It was contended that the proceedings in that case did not conform to section 8, because it did not appear that the inspection officer took testimony on oath, and because there was no record of any testimony or of his decision. The court thus disposed of the contention:

"But the statute does not require inspectors to take any testimony at all, and allows them to decide on their own inspection and examination the question of the right of any alien immigrant to land. The provision relied on merely empowers inspectors to administer oaths, and to take and consider testimony, and requires only testimony so taken to be entered of record."

The statute of August 18, 1894, amends the former law by enacting in plain terms that:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the secretary of the treasury."

In Fong Yue Ting v. U. S., 149 U. S. 698, 713, 13 Sup. Ct. 1016, 1022, the court said that the purport of the decision in Nishimura Ekiu's Case was that the decision of an executive officer to whom congress had seen fit to intrust the final determination of the facts upon which an alien's right to land depended was conclusive, and that "his order was due process of law, and no other tribunal, unless expressly authorized by law to do so, was at liberty to re-examine the evidence on which he acted, or to controvert its sufficiency."

In the light of these adjudications it must be held that the decision of the collector in the present case, and his order denying the petitioner the right to land, is not subject to review upon the facts alleged in the petition. Plenary power has been given to the collector to exclude an alien if, upon examination of his case, it is found upon the evidence, as a conclusion of fact, that he is not one of those who are entitled to enter the United States. The power of congress to so exclude aliens, and to intrust the decision of such a question of fact to an executive officer, is not disputed. It is urged, however, that the collector must follow a due and orderly course, must hear evidence under oath, and must make findings of fact which shall appear of record. These points, as we have seen, have all been expressly decided against the petitioner's contention. The collector is not required to conform his proceedings to what is known as "due process of law." He is not required to make written findings. It is enough if he make an examination and a decision. "His order is due process of law."

It is urged that the power to hear and determine appeals from decisions of the collectors is confided to the secretary of the treasury alone, and that the jurisdiction cannot be exercised by an assistant secretary. Section 245 of the Revised Statutes provides as follows:

"The assistant secretaries of the treasury shall examine letters, contracts, and warrants prepared for the signature of the secretary of the treasury, and perform such other duties in the office of the secretary of the treasury as may be prescribed by the secretary or by law."

It may be assumed that the secretary has conferred upon the assistant secretary who acted in the present case the authority to act in the matter of the appeal of the petitioner's case, and it would seem that, under the statute above quoted, the authority is one that may be delegated. But that question is not necessarily involved in the present case. If the assistant secretary had not the authority to hear and determine the appeal, the appeal has not been disposed of, but is still pending, and the detention of the petitioner by the officer to whom he was intrusted until the disposition of his case on appeal is not unlawful. Neither can it be said that the petitioner, while in the custody of such officer, or by reason of the fact that he has been de-

livered to such officer, has been landed in the United States, so as to be entitled to his liberty. Section 8 of the act of March 3, 1891, providing for the removal of an alien from the vessel on which he arrived by order of the inspection officer, declares that "such removal shall not be considered a landing during the pendency of such examination." In Nishimura Ekiu's Case the petitioner had been placed in a mission house pending the decision of the question of her right to land. The court said she was left "in the same position, so far as regarded her right to land in the United States, as if she had never been removed from the steamship."

Upon the case made on the petition no ground is presented for issuing a writ of habeas corpus, and the writ will be denied.