In re LEE LUNG.

(District Court, D. Oregon. May 12, 1900.)

No. 4,499.

ALIENS—EXCLUSION—CONCLUSIVENESS OF DECISIONS OF CUSTOMS OFFICER.
    Under the decisions construing the act of August 18, 1894 (28 Stat. 390), where a customs or immigration officer has decided adversely to the right of a Chinese person to land in the United States, a circuit court has no jurisdiction to review his action in habeas corpus proceedings, however illegal or unwarranted by the evidence such action may have been; the only remedy being by an appeal to the secretary of the treasury.

On Petition for a Writ of Habeas Corpus.

John H. Mitchell and Charles J. Schnabel, for petitioner.
John H. Hall, for the United States.

BELLINGER, District Judge. This is a proceeding on a writ of habeas corpus issued upon the petition of Lee Lung in behalf of Li Tom Shi and Li A Tsoi, his wife and child, who recently arrived at this port on the steamer Monmouthshire, and were refused landing by the collector of customs. Lee Lung is a merchant doing business in this city, and having business connections with various Chinese mercantile establishments throughout the country. He is the agent of the North Pacific Steamship Company in soliciting Chinese passengers to and from China by that line. He was a passenger by the same steamship upon which his wife and daughter arrived. Before going to China he consulted an attorney in this city, and also saw the collector of customs at this port, with reference to the evidence necessary to secure the landing of his wife and child, and was

informed that a certificate issued out of the registrar general's office at the port of Hong Kong (that being the port of his intended departure), viséed by the American consul, would accomplish such object. In accordance with this advice, Lee Lung procured certificates issued out of the office of the registrar general at Hong Kong, and under the seal of that office, viséed by the American consul general at that port as required by law, which certificates in all respects conform to the requirements of the act of congress, and which are made by such act prima facie evidence of the right of the persons named therein to land in the United States. It is alleged in the petition for the writ that the collector of customs at this port disregarded the evidence thus provided, and, without authority of law, refused to permit Li Tom Shi and Li A Tsoi to land; that he made no decision such as the law contemplates shall be made, and that his acts as aforesaid, in ignoring the certificates issued out of the registrar's office at the port of Hong Kong, were wrongful and unlawful, and in violation of the rights of the petitioner's wife and daughter aforesaid, under the provisions of the treaty of the United States with the Chinese government; and that the appeal taken by the petitioner to the secretary of the treasury was not heard or passed upon by that officer, but that there was a pretended decision in respect thereto by one W. S. Chance, a special agent of the treasury department. The collector of customs, in his return to the writ, alleges that the certificates in question were not in conformity with the laws of the United States, by reason of the fact that they were not signed by the registrar general at Hong Kong, the person in authority there, but were signed by one F. A. May, who is alleged to be the captain general of police at that port. He further alleges that said certificates were duly considered by him, and that he took other testimony as to the right of the persons named in the petition to land, and decided adversely thereto, and that petitioner's appeal from such decision was heard and adversely decided by O. L. Spaulding, assistant secretary of the treasury.

In the Case of Way Tai, 96 Fed. 484, it was held in this court, by Judge Gilbert, on the authority of decisions by the supreme court of the United States, that the collector is not required to conform his proceedings to what is known as "due process of law"; that he is not required to take any testimony at all, but may decide as to the right to land upon his own inspection and examination; and that his decision in respect thereto is final. And such is the effect of the decisions of the supreme court cited in that case. By these decisions it is held that "the statute does not require inspectors to take any testimony at all, and allows them to decide on their own inspection and examination the question of the right of any alien immigrant to land." Nishimura Ekiu's Case, 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146. In the earlier case of Gin Fung, decided by the same judge (89 Fed. 153), the petitioner was discharged upon writ of habeas corpus, where it appeared that the collector of customs only heard part of the testimony of one witness, and then left the room, delegating further examination of the witness to one B. F. Jossey, Chinese inspector; that the petitioner presented another witness on the following day at the office of the collec-

tor, where he was met by said inspector, who offered to hear the testimony of the witness presently, but intimated to such witness that he might be arrested for false swearing if he testified as a witness in the proceeding, with the result that the witness was intimidated thereby and refused to testify; that as a matter of fact the steamer had cleared from the port of Portland on the previous evening, on her way to China, taking the petitioner with her. Upon appeal to the circuit court of appeals, this case was reversed, and it is held, in effect, that the court is without jurisdiction to discharge upon writ of habeas corpus where the collector undertakes to deport a petitioner without a hearing, or pending a hearing; that the power of the court might be properly exerted in such a case to arrest the consequences of the collector's illegal act, but that it could go no further. 100 Fed. 389. It is not clear as to what is meant by jurisdiction in the courts to "arrest the consequences of the collector's illegal act." If the court is without jurisdiction to inquire, upon writ of habeas corpus, as to the legality of the petitioner's detention under such circumstances, it is without any jurisdiction whatever in the premises. So far as I am advised, there is no power in the courts to control the action of the collector of customs as suggested. These cases establish the doctrine that the collector of customs, in determining the right of Chinese persons to land, may act upon his own information and discretion, and that such action, however taken, is conclusive of the matter, subject to the right of appeal to the secretary of the treasury; that his decision, if he decides not to hear testimony, or not to give effect to evidence which the laws of congress have provided shall be sufficient to establish the right to land in the first instance, or decides not to decide, is conclusive. Under the doctrine of these cases, it is immaterial, so far as the jurisdiction of this court is concerned, whether the petitioner's appeal to the secretary of the treasury is heard by the secretary in person, or by a subordinate official in his department, or is heard at all. The petition for the writ is dismissed.