In re LEE PING.

In re LUM TOW.

(District Court, D. Oregon. October 31, 1900.)

Nos. 4,523, 4,524.

ALIENS—CHINESE EXCLUSION ACT—CONCLUSIVENESS OF DECISION OF COLLECTOR.
    The Chinese exclusion act (23 Stat. 117) commits the question of the right of a Chinese person to enter this country to the collector of customs, with a right of appeal to the secretary of the treasury, and makes their decision final; and the fact that the collector disregards the plain provisions of the statute, and refuses the right to land to one having a certificate of his student character, conforming to the requirements of the law, and which is not controverted by the United States, does not give a court jurisdiction to review his decision.

On Petitions by Lee Ping and Lum Tow for Writs of Habeas Corpus.

Raleigh Stott and M. L. Pipes, for petitioners.
John H. Hall, U. S. Atty.

BELLINGER, District Judge. The petitioners are Chinese boys, aged, respectively, 16 and 18 years, who have been refused a landing in this country by the collector of customs at this port. The petitioners have certificates as to their student character, viséd by the American consul at Canton, which conform to the requirements of the act of congress in respect to the admission into the country of persons of that class. The act of congress provides as follows:

"Such certificate viséd as aforesaid shall be prima facie evidence of the facts set forth therein, and shall be produced to the collector of customs of the port in the district in the United States at which the person named therein shall arrive, and afterward produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States; but said certificate may be controverted and the facts therein stated disproved by the United States authorities." 23 Stat. 117.

The order made by the collector in the case of Lum Tow is as follows:

· "Portland, Oregon, September 5, 1900.

"Now at this time comes on for hearing the application of Lum Tow, a subject of the emperor of China, for admission to the United States as a student; and after hearing the evidence of applicant and Yee Mow and Lem Chung, witnesses on behalf of the applicant, and statements of applicant do not agree with those in certificate, and being at this time fully advised in the premises, it is ordered that the said Lum Tow be refused a landing, upon the ground that the evidence produced by said applicant is insufficient and unsatisfactory to prove his right to land."

The order in the case of Lee Ping recites that after hearing the evidence of applicant, which did not agree with statements in the certificate, and being fully advised in the premises, it is ordered that the said Lee Bing (Ping) be refused a landing upon the ground that the evidence produced by said applicant is insufficient and unsatis-

factory to prove his right to land. The name appearing in this certificate is Lee Ping, while the name given by the applicant, as appears in the transcript of his testimony, is Lee Bing; and this is probably the discrepancy referred to in the order, since there is no other disagreement (if such a variance, where both statements are through interpreters, deserves to be called a disagreement) between the statements of the witness and those contained in his certificate.

It is argued that the collector was without jurisdiction to take the testimony of the applicants, or that of other witnesses in their behalf, or to decide thereupon that the evidence produced by them was insufficient. It goes without saying that such testimony was irrelevant; that the certificates are, as the act of congress provides, the sole evidence permissible on the part of the applicants of their right to land. But if, notwithstanding the plain declaration of the statute that such certificates, not being controverted and disproved by the government, establish a right of entry into the United States, the collector of customs refuses to give them that effect, it does not follow that this court has jurisdiction in the premises. It is true, the collector may be said to be bound to give the effect to the certificates that the act of congress provides they shall have; but it is equally true that all courts are required to decide in conformity to the law, and if they do not so decide their jurisdiction is not lost. The jurisdiction to decide does not depend upon the rightfulness or lawfulness of what is decided. Jurisdiction is the power to decide, not merely the right to decide correctly. The fact that the law is clear makes no difference. The law has committed the question of the right of this class of persons to enter the country to the collector of customs, with a right of appeal to the secretary of the treasury. There is no distinction between the jurisdiction of the collector of customs in these cases and that of inspectors of immigration in the case of other aliens. The Case of Nishimura Ekiu, 12 Sup. Ct. 336, 35 L. Ed. 1146, where the conclusiveness of the action of the inspector of immigration in refusing landing to a subject of Japan was affirmed by the supreme court, is repeatedly cited by that and other courts in decisions which give a like effect to the decision of the collector of customs under the Chinese exclusion acts. It is immaterial, so far as the question of jurisdiction is concerned, how the collector decides, or whether he decides with reason or against reason. Much stress is put upon an observation in the opinion of the circuit court of appeals in this circuit in the case of U. S. v. Gin Fung, 40 C. C. A. 439, 100 Fed. 389. The court says:

"If it was an excess of power for the collector to deport petitioner without a hearing, jurisdiction to hear and adjudge could not be assumed by the circuit court. Its power might have been properly exerted to arrest the consequences of the collector's illegal act. It could go no further."

This statement has been heretofore cited in another case, where the jurisdiction of this court was invoked to reverse the action of the collector of customs in refusing to land a Chinese person. I say now, as I said in that case, that it is not apparent what jurisdiction this court could have exercised in the case at issue. In other words,

what is meant by the circuit court of appeals in the statement quoted? If the court means to intimate that it was within the power of this court to interpose and prevent the deportation of the petitioner until there could be a hearing or pending a hearing on his appeal to the secretary of the treasury, then it is a sufficient answer to what is claimed for the statement thus quoted to say that in these cases the collector has fully determined the question presented to him, and the petitioners have had their appeal, which has been decided against them by the secretary of the treasury. I am convinced that the court in the case cited meant no more than to say that it was possible that this court might by some process have restrained the deportation of the petitioner until such time as his right of appeal could be exercised and his appeal determined. I am not now advised as to what the court might or could do in such a case to arrest what is called "the consequences of the collector's illegal act,", but it is very clear that the consequences to be arrested in that case were merely those which operated to deprive the petitioner of his right to the remedy provided for by the statute, namely, his right to the remedy of an appeal; and, if it is within the power of the court to see that the petitioner has the benefit of the process which the law has allowed him, it does not follow that the court can interfere in any other case. In these cases, as in the other cases cited, the collector, to whom the law has committed the question of the right of these petitioners to land, has determined that question; and the only question now submitted is, not that of the denial of a further hearing, but that of the correctness of the determination so made, and that question, so far as this court is concerned, is not a question at all. So far as the inquiry into the right of the petitioners to enter the country, and all questions relating to that inquiry, are concerned, the collector of customs, and the secretary of the treasury on appeal, constitute the sole tribunal to hear and decide, and they have heard and decided; and as to the correctness and justice of what is decided this court can no more inquire than it can in any case involving the right of a subject of China, under the exclusion acts, to enter the country. In the case of In re Ota (D. C.) 96 Fed. 487, where a Japanese, having a domicile and established business in this country, went to Japan, he was refused a landing upon his return to this country, by the immigrant officers of the United States, as an alien immigrant. The court was of the opinion that the applicant, having a domicile here, was not an alien immigrant, within the meaning of the act under which he was excluded, but that, the executive officers of the government having decided otherwise, there was no jurisdiction in the court to interfere in the matter. The court says that the finding of these officers that an alien seeking to land is an immigrant is as conclusive upon the court in a proceeding like this, as their finding in relation to any other fact affecting the alien's right to land. Now, if the finding by these officers of the fact upon which their jurisdiction depends—namely, the fact that the applicant belonged to a class whose right to enter the United States is subject to their decision—is conclusive, there can

be no question in a case like these, where the applicants are admittedly of the class whose right to land is committed to the determination of the collector of the port and the secretary of the treasury.

It is argued that, so far as the question of fact in these cases may be said to be involved, there is no question about it; that where the statute decides there is nothing left for decision. But the collector has decided that there is a question for decision, notwithstanding the statute, and his decision is final. In other words, the law has charged the collector with the duty of enforcing this statute, and the fact that he disregards it does not invest the courts with jurisdiction to enforce it.