## UNITED STATES v. LI CHIONG.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1914.)

No. 2317.

ALIENS (§ 32*)—IMMIGRATION—CHINESE—RIGHT TO ENTER—DECISION OF IMMIGRATION AUTHORITIES.

Since the collector of customs, in determining the right of a Chinese person to land, may act on his own information and discretion, and such action, however taken, is conclusive, subject to the right of appeal to the Secretary of the Treasury, the fact that the collector, in determining that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

relator was not entitled to enter, failed to give to relator's certificate identifying him as a merchant, issued under Act May 6, 1882, c. 126, § 6, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 (U. S. Comp. St. 1901, p. 1307), the effect to which it was legally entitled, but, considering all the testimony, rejected the certificate as evidence of relator's right to land, did not entitle relator to his discharge on habeas corpus.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Territory of Hawaii; Sanford B. Dole, Judge.

Application by Li Chiong for a writ of habeas corpus to obtain his discharge from custody of the immigration authorities, after having been denied his right to enter the United States on a merchant's certificate. From an order granting the writ, and directing that petitioner be allowed to enter, the United States appeals. Reversed and remanded.

The United States appeals from the judgment of the District Court of the Territory of Hawaii, discharging upon writ of habeas corpus the appellee, a Chinese alien, from the custody of the immigration authorities, who held him for the purpose of preventing him from entering the United States, under the Chinese Exclusion Act. The appellee presented to the immigration inspector at Honolulu a certificate, as provided by section 6 of the act of 1882, as amended by the act of 1884, issued by the Chinese consul general at Manila and viséed by the insular collector of customs at that port, certifying that the appellee was a merchant, and was interested in a business firm in Manila, and had pursued the occupation of merchant since 1904. The certificate was issued on October 9, 1911, and was viséed three days later. The appellee, upon receiving the certificate, left the Philippine Islands for China, and there resided some 18 months, after which he took passage for the United States. The immigration authorities denied his right to land, on the ground that it had been 1 year and 7 months since the certificate was issued, and he had not visited his business at Manila, except briefly, while his steamer was stopping at that port en route to the United States, and that he had not followed a mercantile pursuit since the date of the certificate, and that there was nothing to show that he would follow that pursuit if allowed to enter the United States.

The petition for the writ set forth these facts, and alleged that the hearing had before the immigration officers was not a full and fair hearing, but was only the semblance of a hearing, and that the appellee was denied and refused the right to have counsel and an interpreter during the examination, and that the certificate was not given the weight to which it was by law entitled, but that decision was rendered directly contrary to the certificate and to the evidence. The trial court upon the hearing ruled that the appellee was entitled to his discharge from custody upon the ground that the immigration officers had denied the legal validity of the certificate, which the statute declared should be prima facie evidence of the facts set forth therein, and the "sole evidence permissible on the part of the person so producing the same to establish the right of entry into the United States." The court said: "From this we find that all that the petitioner had to do was to produce his certificate. In fact, he should not have been permitted to do anything more than to exhibit his certificate, leaving it to the government to controvert and disprove the same. This has not been done, except as the government may have considered the petitioner's testimony to have controverted and disproved the certificate, and the facts therein stated, which cannot be said to have happened. The inspector in charge has, in the view of this court, mistaken the law of the case."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John W. Preston, U. S. Atty., and Earl H. Pier, Sp. Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The decision of the case on appeal is ruled by Lee Lung v. Patterson, 186 U. S. 168, 22 Sup. Ct. 795, 46 L. Ed. 1108. In that case the court quoted and adopted the language of the District Court in Re Lee Lung, 102 Fed. 132, 134, as follows:

"These cases establish the doctrine that the collector of customs, in determining the right of Chinese persons to land, may act upon his own information and discretion, and that such action, however taken, is conclusive of the matter, subject to the right of appeal to the Secretary of the Treasury: that his decision, if he decides not to hear testimony, or not to give effect to evidence which the laws of Congress have provided, shall be sufficient to establish the right to land in the first instance, or decides not to decide, is conclusive."

Answering the argument that the statute makes such a certificate evidence which the immigration officers have no power to disregard, the court said:

"But jurisdiction is given to the collector over the right of the alien to land, and necessarily jurisdiction is given to pass on the evidence presented to establish that right. He may determine the validity of the evidence, or receive testimony to controvert it, and we cannot assent to the proposition that an officer or tribunal, invested with jurisdiction of a matter, loses that jurisdiction by not giving sufficient weight to evidence, or by rejecting proper evidence, or by admitting that which is improper."

Applying the doctrine of that case, there is no room to question the authority of the immigration officers to do as they did in this case, upon consideration of all the testimony, reject the evidence of the certificate notwithstanding that by an act of Congress it was made prima facie evidence of the right of the applicant to land in the United States, and to decide as they did, to deny controlling effect to evidence which the laws of Congress have provided should be but prima facie sufficient to establish the right to land.

It follows that the judgment of the court below must be reversed, and the cause remanded, with instructions to remand the appellee to the custody of the officers from whom he was taken.