Ex parte TSUIE SHEE et al.

(District Court, N. D. California, First Division.    October 23, 1914.)

No. 15687.

1. ALIENS (§ 32*)—EXCLUSION OF CHINESE—APPEAL—AUTHORITY TO DETERMINE.

A Chinese person, excluded from entry into the United States by an order of local officers, being given the right of appeal to the Secretary of Labor, is entitled to have his appeal determined by such officer, unless, by reason of his death, resignation, absence, or sickness, the Assistant Secretary or some other officer designated by the President is authorized, in accordance with Rev. St. § 177 (Comp. St. 1913, § 259), to perform his duties.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—EXCLUSION OF CHINESE—REVIEW OF ORDER ON WRIT OF HABEAS CORPUS.

A Chinese person, excluded from entry into the United States by local officers, may raise the question by petition for a writ of habeas corpus whether an appeal taken by him was determined by one having legal authority; the determination of such an appeal by one unauthorized being a denial of a fair hearing and of due process of law.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

Petition by Quan Wy Chung, on behalf of Tsuie Shee and Quan You, for writ of habeas corpus. Applicants discharged on bond.

George A. McGowan, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Walter E. Hettman, both of San Francisco, Cal., for respondent.

DOOLING, District Judge. On October 5th Quan Wy Chung, a native-born citizen of the United States, presented to the court his petition for a writ of habeas corpus on behalf of Tsuie Shee and Quan Wy You, asserting that they are his wife and infant son, and were denied the right to land by the local immigration officers; that from the decision of the local officers an appeal had been taken to the Secretary of Labor; that, notwithstanding the fact that the Secretary of Labor and the Assistant Secretary of Labor were present at their posts of duty in the Department at Washington, the appeal was not heard by them, or either of them, but was heard and determined by J. B. Densmore, who signed the decision adverse to them as Acting Secretary of Labor; and that in consequence they had been deprived of a fair hearing, in that their appeal had been heard and determined by one not authorized to do so.

To this petition a return was made, which, instead of denying the averments of the petition that the Secretary and Assistant Secretary of Labor were present and acting as such at the time that the Acting Secretary disposed of the appeal, averred that the Secretary and Assistant Secretary were either actually or "constructively" absent. Evidence was presented to show that the Secretary and Assistant Secretary were not actually absent, and the court struck out from the return, as sham and evasive, the statement therein to the effect that the Secretary and

Assistant Secretary were actually or "constructively" absent, thus presenting for determination the question of the authority of J. B. Densmore to hear and determine appeals to the Secretary of Labor at a time when both the Secretary and the Assistant Secretary are in Washington, at their desks, and performing the duties of their office.

[1] Section 177 of the Revised Statutes provides:

"In case of the death, resignation, absence, or sickness of the head of any department, the first or sole assistant thereof shall, unless otherwise directed by the President, as provided by section one hundred and seventy-nine, perform the duties of such head until a successor is appointed, or such absence or sickness shall cease."

Section 178 (Comp. St. 1913, § 260) provides:

"In case of the death, resignation, absence, or sickness of the chief of any bureau, or of any officer thereof, whose appointment is not vested in the head of the department, the assistant or deputy of such chief or of such officer, or if there be none, then the chief clerk of such bureau, shall, unless otherwise directed by the President, as provided in section one hundred and seventy-nine, perform the duties of such chief or of such officer until a successor is appointed, or such absence or sickness shall cease."

And section 179 (Comp. St. 1913, § 261) provides:

"In any of the cases mentioned in the two preceding sections, except the death, resignation, absence or sickness of the Attorney General, the President may, in his discretion, authorize and direct the head of any other department or any other officer in either department, whose appointment is vested in the President, by and with the advice and consent of the Senate, to perform the duties of the vacant office until a successor is appointed, or the sickness or absence of the incumbent shall cease."

In accordance with this last section, on June 5, 1913, the President issued the following executive order:

"Pursuant to the authority contained in section 179 of the Revised Statutes, I hereby authorize and direct J. B. Densmore, Solicitor of the Department of Labor, to perform the duties of the Secretary of Labor, during the absence of the Secretary of Labor and the Assistant Secretary of Labor."

By the terms of this order Mr. Densmore is authorized to perform the duties of the Secretary of Labor only in the absence of the Secretary and the Assistant Secretary. Whenever he does act, the presumption is that he is acting within and according to the authority conferred upon him, and this presumption will prevail until it is overthrown by the clearest proof. From the very fact of his acting the court will presume that both the Secretary and Assistant Secretary were absent, because it is only in their absence that he may lawfully perform the duties which the law casts upon the Secretary, and because any other rule would result in uncertainty and confusion. Whoever, therefore, challenges his right to act, must assume the burden of proving clearly that his action was not had in the "absence of the Secretary and Assistant Secretary." But, however inconvenient it may be, if the Secretary and Assistant are not absent, and particularly if both are present, his performance of the duties of the Secretary is unauthorized, either by the statute, or the order of the President.

In the case at bar it is practically conceded, and conclusively established, that the appeal was not determined by the Acting Secretary

in the absence of the Secretary and Assistant Secretary, but that, on the contrary, both were present and performing the duties of their office at the time the appeal was determined. The appellants were by law entitled to appeal to the Secretary of Labor, and entitled to have their appeal heard and determined by him, except as above stated, and the determination of their appeal by another, not authorized, is neither a fair hearing nor due process of law.

This being the first time that this question had been presented to the court, the petitioners were not discharged; but it was ordered that their deportation be stayed until their appeal had been heard and determined by competent authority, and if such appeal was not so heard and determined within 15 days from October 5, 1914, that they might apply to the court for further relief. The record having been thereupon forwarded to Washington for a determination of the appeal by the proper authorities, both the Secretary and Assistant Secretary declined to consider the appeal; the department apparently electing to stand upon the order theretofore made by Mr. Densmore under the circumstances above briefly detailed. After the expiration of the 15 days allowed by the court for action by the proper authorities, and their failure so to act, petitioner, on October 23d, moved for a judgment discharging Tsuie Shee and Quan Wy You from further custody.

[2] The effect of this judgment, if entered, would be, of course, to land the said aliens in this country, in the face of the decision by the local officers that they are not entitled to land. In opposition to this motion, it is now suggested by the United States attorney that the authority of Mr. Densmore to act at the time and under the circumstances as detailed above cannot be drawn in question in this proceeding, that this is a collateral attack upon such action, and that the authority of an officer may not be thus assailed. That this is true ordinarily does not admit of question. But, if the aliens here have the right to have their appeal heard and determined by competent authority, there must be somewhere a method of enforcing that right. They are now held for deportation under an order which, in the judgment of the court, they are legally entitled to have reviewed by the officers of the Department of Labor upon whom Congress has imposed that duty. They are not insisting that a valid order of deportation be made, but that they should not be deported under an invalid one. If they cannot raise this question by a petition for writ of habeas corpus, they are without adequate remedy.

The functions of the writ of habeas corpus have been enlarged by the Supreme Court in these immigration cases, apparently ex necessitate, so as to permit inquiry into the fairness of the proceedings before the immigration officers leading either to deportation or exclusion. I know of no other line of cases in which, upon habeas corpus, the court will look into the question as to whether or not the applicant has had a fair trial. The writ ordinarily deals only with the question of jurisdiction, and not with the method in which it is exercised. If from the necessities of this class of cases, and because the alien has no other remedy, the courts may inquire into the question of mere

irregularities in the exercise of jurisdiction, a fortiori they should look into the deeper question of the existence of such jurisdiction. The case as thus presented is not without difficulty; but I am of the opinion that, in the absence of any other adequate method by which the right of the Acting Secretary to pass upon appeals while both of his superiors are present may be tested, the aliens are not left without remedy, but may question that right by means of the writ of habeas corpus.

But it does not follow from this that the petitioners here are entitled to an absolute discharge. As said by Judge Gilbert in the Case of Way Tai (C. C.) 96 Fed. 484:

"If the Assistant Secretary had not the authority to hear and determine the appeal, the appeal has not been disposed of, but is still pending, and the detention of the petitioner by the officer to whom he was intrusted until the disposition of his case on appeal is not unlawful."

The department, however, while still holding the petitioners in custody for deportation, is apparently indisposed to have the appeal heard by any one whom the court believes to be authorized to hear it. The court is not disposed to land these aliens when the local officers have decided against their right to land, and while, in the language of Judge Gilbert above quoted, their appeal is still pending.

Section 5 of the Chinese Exclusion Act (Act May 5, 1892, c. 60, 27 Stat. 25 [Comp. St. 1913, § 4319]) provides that:

"On an application to any judge or court of the United States in the first instance for a writ of habeas corpus, by a Chinese person seeking to land in the United States, to whom that privilege has been denied, no bail shall be allowed, and such application shall be heard and determined promptly without unnecessary delay."

It does not seem just to the court that the aliens here involved should be indefinitely detained awaiting the determination of their appeal, and just what is meant by the words "in the first instance" in the statute above quoted is not clear.

The order of the court, therefore, will be that the aliens be not landed definitely and finally at this time, but that they be discharged from the custody of the immigration officers upon giving bonds in the sum of $1,500, conditioned that they will surrender themselves again to the immigration officers when their appeal shall have been heard and determined by the proper authorities, if the decision upon such appeal be adverse to their right to land. One bond will serve for the woman, Tsuie Shee, and the infant, Quan Wy You.