## IN THE MATTER OF THE APPLICATION OF DEN-JIRO YOKODA FOR A WRIT OF HABEAS CORPUS.

### December 29, 1914.

1. *Immigration—Deportation—Preliminary arrest, basis of:*  On habeas corpus the court declines to consider the competency of testimony taken at a hearing before immigration officers in another case, which testimony led to the arrest of a landed immigrant as subject to deportation, when at all events the testimony was sufficient to arouse suspicion against the immigrant, which the evidence in the final deportation proceedings was ample to confirm.

2. *Same—Same—Finality of findings:* In deportation cases in which a fair hearing has been accorded, the findings of immigration officers are final.

3. *Same—Same—Fair hearing, self incrimination:*  Claim of incrimination under duress, *held* not made out.

4. *Same—Same—Evidence—Husband and wife as witnesses:*  Deportation proceedings being civil in their nature, the local rule of competency of husband and wife applies.

5. *Same—Same—Hearing—Benefit of counsel:*  Where an immigrant arrested as deportable was represented by attorney if not personally present at the hearing following his arrest, and a brief in his behalf was filed by his attorney for consideration by the Secretary of Labor, it cannot be said that the immigrant was without benefit of counsel.

6. *Same—Same—Authority of Acting Secretary of Labor:*  When the warrant of deportation shows the proceedings to have been determined by the Acting Secretary of Labor, the presumption is that he was authorized to act; and he who challenges this authority assumes the burden of proving its absence.

*Habeas corpus:*  Demurrer to order to show cause.

*C. C. Bitting* for petitioner.

*J. W. Thompson,* Assistant U. S. Attorney, for respondent.

CLEMONS, J.  This is a demurrer to a return to an order

to show cause why a writ of habeas corpus should not issue. The grounds of demurrer are general grounds of insufficiency, except the special ground that the return discloses that "the proceedings against this petitioner upon which his arrest was based and upon which the warrant for deportation was asked, were had upon an entirely ex parte proceeding and on an alleged inquiry to which the petitioner was not a party."

The petition for the writ shows: the arrival and landing at Honolulu of the petitioner, Denjiro Yokoda, a native of Japan who has since been a resident of this city; and his restraint upon a warrant of deportation issued by the Acting Secretary of Labor, on the ground of the petitioner's being unlawfully in the country, as having been a contract laborer at the time of his entry, induced or solicited to migrate here by an offer or promise of employment or in consequence of an agreement to perform labor in the United States, and also as having entered without the inspection contemplated and required by the Immigration Act, and having secured admission by reason of false and misleading evidence.

The petition shows a preliminary order of arrest, based upon testimony given by the wife of petitioner in her examination at the immigration station, Honolulu, upon her arrival here subsequent to her husband's arrival,—testimony which the petitioner alleges, on information and belief, to have been "based entirely upon presumptions" and "not upon facts within her own knowledge" and "irrelevant to the proper subject of inquiry". (The facts set forth in the foregoing sentence, are hereinafter referred to as Objection I). And the petition shows the taking of the petitioner before an immigration inspector, and his there being informed that his wife had made statements contradictory to statements made by him at the time of his entry into the country, and that he had been arrested upon those statements of hers.

There is also shown: the compulsion of the petitioner to be a witness against himself and the evoking from him under duress of incriminating testimony (Objection II), and the compulsion of the wife to testify against him, "if she did so testify". (Objection III). In connection with the latter allegation, it is said that "the wife was used as a witness whose testimony was the basis of the arrest and attempted deportation, without your petitioner's being present or in any manner having the privilege of objecting to said witness." (Objection IV, covered also by the special ground of demurrer, above).

Another ground of the petition is, that if false testimony was given by petitioner at his entrance into the country, there is no provision for deportation therefor, and that having been permitted to enter, the deportation proceeding violates his right to indictment by a grand jury for an infamous crime, perjury, and to confrontation by the witnesses against him. (Objection V).

The petition alleges an "appeal" to the Secretary of Labor, but the exhibit annexed to the petition shows merely the filing of a brief with the Secretary. The fact is that proceedings for deportation are original matters before the Secretary of Labor, though he considers testimony taken by the local immigration officers.

The return of the immigration inspector to the order to show cause, admits the admission of the petitioner into the country, his arrest and the warrant of deportation, and sets up: that in the examination of the wife by the immigration officers, at the time of her application for admission, she testified that her husand, the petitioner, was a contract laborer, working in Honolulu, for a company whose secretary and treasurer, A. Kimura, hereinafter mentioned, had assisted him in obtaining transportation from Japan and had promised him a job and had given him a job, or assisted him in securing one, with that company. It is also alleged that his passport presented to the immigration

officers at landing was the passport of a merchant, and was fraudulently obtained and used to gain his admission into the country.

The return shows, that the petitioner was called and gave voluntary testimony and verified the statements of his wife, much of which testimony was corroborated by Kimura, and that upon this evidence so taken the recommendation for and warrant of arrest were based; and that thereafter the petitioner and his wife testified at a hearing in pursuant to his arrest, at which hearing the petitioner was duly represented by counsel.

The return denies, among other things, that the petitioner was sworn at all when he landed in Honolulu,— thus to meet the point regarding perjury, made above by petitioner.

The transcript of the proceedings before the immigration officers is made a part of the answer. Therefore, for the purpose of the demurrer, the allegations of the return have been taken with such modifications as the transcript might require, i. e., the testimony itself is considered, rather than the respondent's or the peitioner's version of it or conclusions from it.

[1] Objection I, above, need not concern us, for in the record of proceedings, aside from the evidence given by the wife at her examination on arrival, there appears ample evidence to sustain the finding. It does not matter (even admitting it to be true), that her testimony given at the hearing in her own case was "based entirely upon presumptions" and "not upon facts within her own knowledge"; for, as a basis for the petitioner's arrest, it was sufficient to arouse suspicion against him. which the other evidence before the Acting Secretary of Labor was sufficient to confirm,—i. e., within the Secretary's power to find facts.

The following, among other, testimony may be noted as tending to support the finding made: The petitioner's repeated admission, that he was "invited" by Kimura, his

present employer, his sister's husband, to come to Hono-
lulu (Transcript p. 3, also see Id. p. 14), taken in connec-
tion with Kimura's admission that he "wrote in the appli-
cation [for the petitioner's passport from the Japanese gov-
ernment], that our soda water works [where the petitioner
has been employed] were flourishing and that he needed
another man, and the consul wrote the certificate and I sent
it to Denjiro", the petitioner (Transcript p. 6); also Kim-
ura's testimony, that he "sent for" the petitioner because
Kimura's wife, the petitioner's sister, "wanted to send for
him", and that "I intended to make a trip to Japan and
wanted him to take charge of the business while I was
gone" (Id.).   Though this testimony of Kimura was given
at the hearing before a board of special inquiry on the wife's
application for landing and before the issuance of the war-
rant of arrest, at which hearing it does not appear that
the husband was present, nevertheless he had under Immi-
gation Rule 22 the right to examine this and all other evi-
dence on which the warrant of arrest was issued, and to
offer evidence to meet any evidence theretofore presented;
and, as the record shows (Transcript p. 18), counsel for
the petitioner were at the hearing informed "that an op-
portunity would be offered them to present any evidence
they may have in defense and that C. Kimura would be
called, his testimony given before the board of special in-
quiry offered in evidence, and they would be allowed to
cross-examine him on said testimony".   In reply, "the
attorneys stated that they did not desire to offer any more
evidence, that they would not recall the alien, and that
they did not wish to cross-examine C. Kimura on the tes-
timony given by him before the board of special inquiry."
(Transcript p. 18).   The wife's testimony,—given freely
and spontaneously we may presume,—at the hearing of her
own case, was that Kimura wrote to Japan to get her hus-
band to go to Honolulu and take a position in the soda
water works;  though, it is true, at the later hearing, a

week afterwards, she tried to "explain" away this testimony.

So far as the petitioner's denials go, they may be affected by his admissions of having made false statements in obtaining a passport for a merchant, or having at least made use of a passport containing a false statement, in order to facilitate his entry into this country, his status having been only that of a laborer (Transcript pp. 3, 14). His veracity may be weakened also by the fact that his testimony with regard to when he began work for Kimura is quite different from that of the latter (Transcript pp. 1, 5, 15).

[2] The cases cited by this court in the decision of June 2, 1913, in *In re Tome Tanno*, ante, p. 266, and a long list of other cases, firmly establish the finality of findings of immigration officers in cases like the present, if a fair hearing has been accorded. The specific objections of want of fairness, or of due process of law, will now be disposed of.

[3] The claim of incrimination under duress (Objection II, above) is not made out by anything appearing in the transcript of proceedings above referred to, nor does it appear that any testimony given by the petitioner was such as to tend toward incrimination, or to tend to subject him to any criminal proceeding within the contemplation of the fifth amendment to the Constitution. A consideration of the following authorities will be profitable in this connection: *Low Foon Yin v. United States Immigration Commissioner*, 145 Fed. 791, 793, et seq.; *United States v. Hung Chang*, 134 Fed. 19, syll. par. 1, also 25; see also *Li Sing v. United States*, 180 U. S. 486, 494, 495; *Fong Yue Ting v. United States*, 149 U. S. 698, 730; *Bugajewitz v. Adams*, 228 U. S. 585, 591; *United States v. Wong Dep Ken*, 57 Fed. 206, 209; *Sire v. Berkshire*, 185 Fed. 967, 969; Bouve, Exclusion of Aliens, 616, and cases cited; 2 Watson on the Constitution, 1443-1444.

[4] As to Objection III, above: The proceedings being civil in their nature, Bouve, Exclusion of Aliens, 616, the

local rule of competency of husband and wife (Rev. Laws, Haw. 1905, sec. 1950) applies. Rev. Stat., sec. 914.

[5] As to Objection IV, above, it is enough to say that, the petitioner was present by his attorney, if not personally present, when the wife was examined at the hearing pursuant to the warrant of arrest; and under the immigration rules, he had the right to "inspect the warrant of arrest and all the evidence on which it was issued," and also to "inspect and make a copy of the minutes of the hearing [pursuant to the arrest] so far as it had proceeded and to meet any evidence theretofore or thereafter presented by the government", and to file a brief. A brief was filed here by the petitioner's counsel, and, presumably, the record was inspected for its preparation. It is not apparent that the petitioner was denied any right, or that he had anything but a fair hearing, within the uniform rulings of the courts in such cases. *Low Wah Suey v. Backus,* 225 U. S. 460, 469-470, 471-472. See also Bouve, Exclusion of Aliens, 336-338.

Objection V is without merit; for conceding the fact, denied by the return, that the petitioner's statements, made to the immigration officials at the time of his landing, were made under oath, nevertheless the deportation proceedings were not a punishment for perjury but for his being unlawfully in the country. That false statements happen to be the means by which he effected his entry, is only an immaterial circumstance.

[6] In oral argument, counsel for the petitioner makes the point that the warrant of deportation shows the proceedings to have been determined by the Acting Secretary of Labor, whereas the petitioner is entitled to have the matter of deportation disposed of by the Secretary himself. In behalf of this point, there is cited the decision of Federal Judge Dooling of California, rendered October 23, 1914, in the case of *Ex parte Tsuie Chee,* 218 Fed. 256. But that case, though holding that the Acting Secretary should not

perform any duties except in the absence of the Secretary or Assistant Secretary, also ruled that, "from the very fact of his acting the court will presume that both the Secretary and Assistant Secretary were absent, because it is only in their absence that he may lawfully perform the duties which the law casts upon the Secretary." Moreover, Judge Dooling held that "whoever challenges his [the Acting Secretary's] right to act must assume the burden of proving it clearly." As the record stands, then, in our case here, the presumption of regularity and authority must prevail against the contention.

Let the demurrer be overruled.