## IN THE MATTER OF THE APPLICATION OF DENJIRO YOKODA FOR A WRIT OF HABEAS CORPUS (SECOND PETITION).

### January 19, 1915.

*Habeas corpus—Petition for writ—Verification.* A petition for writ of habeas corpus should be verified by oath of the petitioner or of someone having knowledge of the facts upon which relief is asked, and as a general rule if allegations are made on information and belief, the source of information and belief should appear.

*Habeas Corpus:* Petition for writ.

*J. Lightfoot* for petitioner.
*Jeff McCarn,* U. S. District Attorney, for respondent.

CLEMONS, J. The district attorney earnestly contends that in this case the writ should not issue in the first

instance, inasmuch as the vital matter of the alleged want of authority of the Acting Secretary of Labor, which is made a ground of the petition, is stated only on information and belief, without even a showing of the source and nature of the information. The district attorney cites in his support the instance of the writ of attachment, which does not as a rule issue on bare information and belief unsupported by a showing as to the nature of the information.

This phase of form or practice is something which counsel and the court had passed over rather lightly for attention to the material ground of the petition with regard to the Acting Secretary's want of authority—the latter being the only ground of the petition regarded by the court as a proper basis for the writ, this ground appearing to be a jurisdictional point which could be raised at any time, but the other grounds being either covered by a former petition for a writ of habeas corpus lately determined by this court adversely to petitioner, or excluded within Judge Field's ruling in *Ex parte Cuddy*, 40 Fed. 62, 66, as being old matters of fact (not jurisdictional) existent at the time of the former petition.

Though the material ground for the writ above noted appeared to be well taken, within the decision of Judge Dooling in *Ex parte Tsuie Chee*, 218 Fed. 256, I had some hesitation with regard to the practice of issuing the writ in a case where the material ground is so poorly supported by oath. As a matter of ordinary pleading, it is true that bare information and belief without show of sources is allowable, and in several instances even in habeas corpus cases, the judges of this court have permitted such verification to pass and the writ to issue. But I think we have been overlooking the extraordinary nature of the writ of habeas corpus. It is at least as extraordinary as the writ of attachment, cited by the district attorney: 4 Cyc. 480, and as extraordinary as the writ of injunction: 22 Cyc. 926, in both of which a foundation by affidavit is required

as to material allegations. Thus, "an injunction cannot be granted in the first instance upon an allegation of this character." *Brooks v. Hare*, 8 Fed. 529, 532. The cited requirement as to attachment may be to some extent statutory, but the rule is certainly a reasonable one, and a guard against abuse. He who invokes such special relief, should bear the burden of the showing indicated.

The new equity rules of the Supreme Court recognize the distinction above noted, in providing that "if special relief pending the suit be desired, the bill should be verified by the oath of the plaintiff, or someone having knowledge of the facts upon which such relief is asked." Equity Rule 25."

These considerations impel me to issue merely an order to show cause instead of a writ of habeas corpus at this stage of the proceeding. Upon being satisfied as to the truth of the allegation, of the Acting Secretary's having determined the appeal from the immigration officers in question instead of the Secretary of Labor himself having made the determination, although actually present, I shall be disposed to allow the writ to issue, following the case of *Tsuie Shee*, supra.