CHIN HING v. WHITE, Immigration Com'r.*

(Circuit Court of Appeals, Ninth Circuit.　August 7, 1916.)

No. 2651.

1. HABEAS CORPUS ⬥⟿92(1)—DEPORTATION OF ALIEN.

The authority of the Solicitor of the Department of Labor to affirm on appeal an order of the Commissioner of Immigration denying an alien admission to the United States is not reviewable on application for habeas corpus where the record shows that subsequently to the Solicitor's action the Secretary of Labor personally affirmed the order, since, the disposition by the Secretary rendered the authority of the Solicitor a moot question.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 83; Dec. Dig. ⬥⟿92(1).]

2. ALIENS ⬥⟿32(13)—EXCLUSION—APPEAL—RIGHT OF COUNSEL.

On appeal to the Secretary of Labor from an order deporting a Chinese, appellant has no right to have his counsel appear to present further evidence or argue orally.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ⬥⟿ 32(13).]

Appeal from District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Application by Chin Hing for a writ of habeas corpus against Henry M. White, Commissioner of Immigration at the Port of Seattle, Washington, for his discharge from the custody of the Department of Immigration.　From an order discharging the writ (224 Fed. 261), he appeals.　Affirmed.

John J. Sullivan, of Seattle, Wash., and Corry M. Stadden, of Washington, D. C., for appellant.

Clay Allen, U. S. Atty., of Seattle, Wash., and George P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge.　The appellant, a Chinese person, was refused admission to this country by the appellee, and, having been ordered deported, petitioned the court below for a writ of habeas corpus alleging his illegal imprisonment and right to discharge.　The proceeding resulted in an order of the court dismissing the petition and remanding the petitioner to the custody of the appellee, from which order the present appeal was taken.

The original petition shows on its face that the petitioner was not entitled to the writ, for it alleged his arrival at the port of Seattle from China, and that he was denied admittance to the United States on the ground that he was not legally entitled to such admittance; that he was given a hearing by the immigration officials and upon evidence being presented on August 27, 1914, an order was issued by the Commissioner of Immigration at Seattle finding that he was not entitled to admission to the United States, and that he should be de-

ported, from which order he was allowed an appeal to the Secretary of Labor, and that on September 26, 1914, the finding and order were affirmed and the petitioner ordered deported.

The only ground of the alleged illegality of the order of affirmance is that the petitioner's case was considered and the order of affirmance made neither by the Secretary of Labor nor by his assistant, but by the Solicitor of the Department of Labor, Mr. J. B. Densmore, who, the petitioner alleges, was not authorized to perform the duties of the Secretary of Labor or his assistant except in the absence of both from their post of duty, and that at the time of the action of the Solicitor of the Department of Labor in the matter both the Secretary and his assistant were in the city of Washington.

Conceding the facts so alleged to be true, and conceding the lack of authority of the Solicitor of the Department of Labor to act in the case under the circumstances stated, the manifest legal result is that the appeal remained pending before the Secretary of Labor and undisposed of. In re Wai Tai (C. C.) 96 Fed. 484.

The alleged action of Mr. Densmore as Solicitor of the Department of Labor was taken by virtue of his appointment to that office by the President under and by virtue of this:

"Executive Order.

"Pursuant to the authority contained in section 179 of the Revised Statutes, I hereby authorize and direct John B. Densmore, Solicitor of the Department of Labor, to perform the duties of Secretary of Labor during the absence of the Secretary of Labor and the Assistant Secretary of Labor.

"Woodrow Wilson.
"The White House, June 5, 1913."

[1] The question argued by counsel for the petitioner as to whether the Solicitor of the Department of Labor could by virtue of the President's order and the statute therein referred to legally perform the duties of the Secretary of Labor or his assistant while either of those officers remained at the seat of government, is plainly a moot question, and therefore need not be decided or considered, for the reason that the record shows that subsequent to the Solicitor's action in question the Secretary of Labor personally took the case up and affirmed the order made by the Commissioner of Immigration at the port of Seattle refusing the petitioner admission to the United States and directing his deportation to China.

[2] It is true that the record here further shows that there was filed in the court below on behalf of the petitioner an amended petition for the writ of habeas corpus and his discharge thereunder, in which, however, the only additional ground therefor set up is that the petitioner was denied the alleged right to have his counsel appear before the "Commissioner General of Immigration or the lawful acting Secretary of Labor" for the purpose of presenting such further evidence as he desired and orally arguing the appeal. No provision of any statute and no rule of the department has been cited conferring upon the petitioner the right thus claimed, and we know of none. The volume of business the department is necessarily called upon to transact would obviously render oral arguments impossible,

and the ordinary function of an appellate officer or tribunal is to review the proceedings from which the appeal is taken—not to hear it de novo.

The record shows that the opinion of the Solicitor which the Secretary adopted and approved, considered and discussed the evidence introduced before the Commissioner of Immigration, which the Secretary held was sufficient to show that the petitioner was not entitled to enter the United States.

The order is affirmed.