In re CHIN YUEN SING.

(Circuit Court, S. D. New York. November 5, 1894.)

1. IMMIGRATION—RIGHT OF ALIEN TO ADMISSION—POWER OF COURT ON HABEAS CORPUS.

Under the provision of the sundry civil appropriation act of August 18, 1894, making final the decision of the immigration or customs officials upon the right of an alien to admission to the United States, the only questions into which a court can inquire upon habeas corpus seeking the discharge of the relator from restraint by the collector of customs are whether the relator is an alien, and whether the collector has made a decision.

2. SAME—DECISION BY COLLECTOR.

The signing by the collector of a return to a writ of habeas corpus, stating that he has decided adversely to the relator's right to admission, is in itself a decision.

This was a petition for a writ of habeas corpus by Chin Yuen Sing, a Chinese person, alleging that he was illegally restrained of his liberty by the collector of the port of New York.

B. C. Chetwood, for the motion.
W. Macfarlane, U. S. Atty., opposed.

LACOMBE, Circuit Judge.   The relator, a Chinese person, who was formerly a resident of this country, contends that upon facts which he offers to prove he is entitled to entry.   This court cannot, however, go into that question.   In the sundry civil appropriation act of August 18, 1894, there is found this paragraph:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the secretary of the treasury."

Under the decision of the supreme court in Fong Yue Ting v. U. S., 149 U. S. 698, 13 Sup. Ct. 1016, the power of congress to confide such decision exclusively to executive officers must be accepted by this court.   The act itself leaves nothing for this court to inquire into, save only whether relator is an "alien," which is not disputed, and whether the collector has "made a decision."   On this latter point, the return, in which he states that he has decided adversely to admission, is conclusive.   Even if he had not so decided when the writ was applied for, the signing of such a return is itself a decision.   Relator remanded.