In re ONG LUNG.

(Circuit Court, S. D. New York. October 16, 1903.)

1. CHINESE EXCLUSION—HABEAS CORPUS PROCEEDING—BAIL.

The provision of section 5 of the Chinese exclusion act of May 5, 1892 (chapter 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1320]), that on an application to any judge or court of the United States in the first instance for a writ of habeas corpus by a Chinese person refused admission into this country no bail shall be allowed, was not repealed by Act Aug. 18, 1894 (chapter 301, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303]), which makes the decision of the immigration officer conclusive unless reversed by the Secretary of the Treasury, and governs where a Chinese person refused admission by the immigration officers and the secretary applies to a federal court for a writ of habeas corpus.

Habeas Corpus Proceeding. On motion to admit to bail.

Max J. Kohler, for petitioner.

Henry A. Wise, Asst. U. S. Atty.

LACOMBE, Circuit Judge. The fifth section of the act of May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1320], reads as follows:

"That after the passage of this act, on an application to any judge or court of the United States in the first instance for a writ of habeas corpus, by a Chinese person seeking to land in the United States, to whom that privilege has been denied, no bail shall be allowed and such application shall be heard and determined promptly without unnecessary delay."

This section was not repealed by the provision in Sundry Civil Appropriation Bill Aug. 18, 1894, c. 301, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303], that decisions of immigration officers, if adverse

to the immigrant, should be final. It was expressly held by this court that it was not so repealed. In re Chin Yuen Sing, 65 Fed. 571, 572, 788. Nor is there any subsequent act repealing such section.

The petitioner here sought to land in the United States. That privilege has been denied him by the immigration officers, and affirmed by the Secretary of the Treasury, and to this court in the first instance he has applied for a writ of habeas corpus. He thus comes within the provisions of the section, and bail should be refused. The cases cited on the brief, viz., Du Shen Tau v. U. S., 187 U. S. 652, 23 Sup. Ct. 843, 47 L. Ed. 350, U. S. v. Lee Yen Tai, 185 U. S. 213, 22 Sup. Ct. 629, 46 L. Ed. 878, Chin Bak Kan v. U. S., 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121, do not overrule or modify the decision of this court in Chin Yuen Sing's Case, supra, which remains the rule for this court, although in specific instances, of which no record is found in the Reports, some individual Chinaman may have been admitted to bail.

The application is refused.