# IN THE MATTER OF THE APPLICATION OF WONG KUM WO FOR A WRIT OF HABEAS CORPUS.

## Ferburary 8, 1915.

*Aliens—Admission of Chinese—Habeas Corpus—Bail:* Under the provision of sec. 5 of the Chinese exclusion act of May 5, 1892, 27 Stat.

25, that on an application to any court or judge of the United States in the first instance for a writ of habeas corpus by a Chinese person refused admission into this country, no bail shall be allowed, bail is not allowable upon the issuance of the writ, or before a final hearing on the merits after return to the writ.

*Habeas Corpus:* Motion for bail.

*W. T. Carden (Thompson, Wilder, Milverton & Lymer,* with him) for the motion.

*Jeff McCarn,* U. S. District Attorney, contra.

CLEMONS, J.   The petitioner's motion to be released on bail, after the issuance of the writ of habeas corpus and before the determination of the case on its merits, presents for consideration the meaning of section 5 of the Chinese exclusion act of 1892, 12 Stat., 25, which reads:

"On an application to any judge or court of the United States in the first instance for a writ of habeas corpus by a Chinese person seeking to land in the United States, to whom that privilege has been denied, no bail shall be allowed, and such application shall be heard and determined promptly without unnecessary delay."

The words "in the first instance," the meaning of which is specially in controversy on this motion, are not as clear an expression of intent as is desirable.   See *Ex parte Tsuie Shee,* 218 Fed. 256, 259.

The first impression given by the statute is that of an intent to forbid bail until the petitioner has by proof made good his allegation of an illegal restraint.   And such is the uniform construction given by the few judges who have had this statute before them in reported cases.   It is true, that in two of the three cases bearing on the question, the construction of the court might be regarded as in the nature of dictum, for these cases have to do with bail at a later stage of the proceedings, i. e., after a hearing on the merits. *In re Chin Yuen Sing,* 65 Fed. 788 (N. Y., Lacombe, J.);

*In re Jem Yuen,* 188 Fed. 350, 355-356 (Mass., Dodge, J.). But in the first case the dictum, if it be such, of Judge Lacombe is worthy of great weight, as a link in the chain of the court's reasoning:

"It would be a singular exercise of discretion which would release an immigrant on bail after the court has decided that he should not be permitted to enter the country, *when the statutes require that he shall not be released on bail before the court has so decided,* and when there is still a possibility that its decision might be favorable to him."

The second case adopts Judge Lacombe's opinion without discussion. In the later case of *In re Ong Lung,* 125 Fed. 813, 814, Judge Lacombe reaffirms the construction given by him in the decision above cited. Though the scant statement of facts in the subsequent case does not show the stage of the proceedings at which bail was moved for, the inference is conclusive that it was at a preliminary stage, from the fact that the decision on the merits was not had until a later date. See second opinion in the case, 125 Fed. 814. Judge Lacombe's ruling, 125 Fed. 813, is, therefore, directly in point here. Though it may, it is true, be urged against the weight of all these three decisions in the matter of bail, that they state a conclusion without a discussion.

But the reason and spirit of the law, and contemporary history (see, e. g., *United States v. Fan Chung,* 132 Fed. 109, 110, though a case considerably later than the statute), support the view of Judge Lacombe and Judge Dodge. A remedy was called for and the statute should be so construed as to effect a remedy, if it may be done without arbitrariness. See 1 Blackstone, Comm., *87. And the words of the first clause of the statute "on an application for a writ of habeas corpus" are apt enough to describe the whole habeas corpus proceeding down through the hearing on the merits, for while the application is determined in a preliminary way when the writ issues, it is not substan-

tially, finally, disposed of until after the hearing on the merits; and inserting in the phrase just quoted the words "in the first instance" serves to emphasize the distinction between the preliminary stage when the petitioner's showing of facts is by mere allegation and the "final instance" when the showing must be by proof.

The only thing that might be urged against Judge Lacombe's construction is, that the statute being in restraint of liberty, and also being discriminatory against one particular nation, should be strictly construed: with such a principle in view, the concluding provision of this statute, that "such application shall be heard and determined promptly without unnecessary delay," might possibly be read as referring to a preliminary hearing and determination whether the writ should issue, and the narrow application of the last clause of the statute might be then contended as giving color to the first clause.   Such a conclusion is plausible when it is considered that if these words of the concluding clause do not contemplate a preliminary stage of the proceedings, then Congress has here made the most general kind of a provision for promptness in the final hearing on the merits, when the most explicit kind of a provision had already long existed.   Rev. Stat., sec. 759.

However, it is unwise to infer too much from any presumption of Congress' having had clearly in mind all the details of the existing habeas corpus law, Rev. Stat., chap. 13.   And the improbability of Congress' unconsciousness of the definite existing provisions of Rev. Stat., sec. 759, is balanced somewhat by the fact that so far as preliminary stages of the proceedings are concerned, the law had already provided for the usual run of cases (i. e., cases in which the petitioner shows a good case in his petition: see *In re Jordan,* 49 Fed. 238, 246),—Rev. Stat., sec. 755, insuring the issuance of the writ "forthwith" unless it appears from the petition that the party is not entitled to it.   As regards this large proportion of cases, it would seem absurd

for Congress to take the trouble to enact this statute, for the period of inhibited bail would be only the very brief period between the presentation of the petition to the judge and the issuance of the writ.

Against this, on the other hand, it may be argued that the hearing on an order to show cause would be a case, not already specially provided for, to which the concluding clause of the statute could aptly apply. The argument loses force, however, when the summary character of habeas corpus proceedings is considered; for the universal practice is, not to defer the hearing on an order to show cause any longer than the hearing on a return to the writ. And the time in such cases, also, is so brief as to make the demand for such a statute as this is contended to be, little less impracticable than in the case where the writ has forthwith issued.

It would seem that Congress in enacting this statute of 1892, did so with little or no regard to the details of the existing habeas corpus law. If these details had been in mind, it is likely that the present question would have been obviated by more definite provisions,—the new law and the old would have been better co-ordinated.

But, after all, we are construing the words "in the first instance," of the first clause of the statute,—these are the important words,—and it would at least be as well to read the last clause of the statute in the light of these words as to read these words in the light of the last clause, or, rather, to endeavor to fit these words to a narrow meaning of that last clause. And it may be, even, that the last clause could refer to a preliminary hearing and still the words "in the first instance" of the first clause be unaffected thereby; for it would not be unreasonable to read the whole statute as meaning that there shall be no bail at any time before the *final* instance, of the petitioner's making good his claim by proof, and that at the same time in order to make against delay there shall be a speedy pre-

liminary hearing as to whether the writ shall issue, as well as the speedy hearing on the merits after the writ has issued, already guaranteed by Rev. Stat., sec. 759.

The cases cited, showing a liberal disposition to allow release on bail pending appeals from orders dismissing the writ, such, e. g., as *In re Chin Wah*, 182 Fed. 256, and *United States v. Fah Chung*, 132 Fed. 109, do not help us; for they are deportation cases, involving aliens already in the country, as distinguished from habeas corpus cases involving aliens seeking to enter the country, for which cases the special rule now before the court was provided.

That bail has been allowed in this court and in other courts, in other similar instances, upon the issuance of the writ or before final hearing, has been due to want of opposition (see unreported Vermont case, cited in *In re Jem Yuen*, 188 Fed. 350, 356) or to want of consideration (see *In re Ong Lung*, 125 Fed. 813, 814, and *In re Jem Yuen*, supra).

This discussion will indicate the difficulties which have made me hold this motion under advisement. But these difficulties do not justify overturning the precedents above cited.

Let the motion be denied.